Tavxor, Chief-Justice.
 

 It has now become a settled rule of equity, too
 
 firmly
 
 established to be shaken, that a trustee shall gain no benefit to himself by any act done by him in his fiduciary character ; but that all his acts shall be for the benefit of the
 
 cestui que trust.
 
 It is not necessary in the view I take of the case, to enquire whether an executor comes within the rule as established in England, though in the case of
 
 Barden
 
 v.
 
 Barden,
 
 18
 
 *505
 

 Ves.
 
 170, it was decided that an executor cannot purchase his testator’s effects
 
 ;
 
 because our local laws have materially changed the rights and duties of an executor. The act of 1723, cli. 15, explained and modified by se-yeral subsequent acts, restrains the executors from selling the unperishable estate without an order of
 
 Court;
 
 and as the law now stands, the County Courts are to judge of the necessity of a sale either to make distribution or to pay debts. It lias not intrusted the executor with the power of selling at his own discretion
 
 $
 
 nor is it any justification to him, acting without an order of Court, that the sale was just and necessary. This .however does not change the principle on which the law considers void a purchase made by a trustee, for it would still be so if the sale was authorised by an oi%ir of Court. The general tendency of our acts in this respect is rather to limit than enlarge the powers of an executor, and shews that the doctrine relied on by the petitioners applies
 
 a fortiori
 
 to them.
 

 The length of time cannot have an effect on the petitioner’s rights under the circumstances of the case. It is an open unexecuted trust, and it is not pretended that the share of the price for which Frank was sold, has ever been paid to Elizabeth Ryden, or her representatives.
 

 Haza, and Hendersow, Judges, concurred.