The facts necessary to an understanding of the points decided (456) in this Court, are fully set out in the opinion of Justice READE.
Upon the return of the report of the referee both plaintiff and defendant excepted to the same. And from the judgment of the Court overruling certain of his exceptions, the defendant appealed.
The defendant appealed from the order overruling his own exceptions and from the order allowing one of the exceptions of the plaintiff. We will first consider the order allowing the plaintiff's exception.
As preliminary we remark, that the finding of the facts by his Honor are conclusive upon us. We cannot review him. We review only his legal inferences.
The facts as to the plaintiff's exception are, that the defendant, as administrator, obtained license from the proper Court to sell the real estate of his intestate to pay debts, and that at the sale he bought the land for $705, which was worth $2,000.
It is against the policy of the law to allow an administrator to buy at his own sale. And when he does so, those interested have their election to treat the sale as a nullity — in this case to have (457) the sale set aside and a new sale ordered — or to let the sale stand, and demand a full price. Ryden v. Jones, 8 N.C. 497. The latter course was pursued here. We agree with his Honor in allowing the plaintiff's exception.
There were seven exceptions filed by the defendants, involving both facts and law. His Honor overruled the exceptions; but found no facts which enables us to see whether he decided the law right or wrong. If he had stated the facts upon which he overruled each of the defendant's exceptions, plainly and briefly, as he did the facts upon which he allowed the plaintiff's exception, we would have no difficulty. But this is not done.
Upon the announcement of his Honor's decision overruling the defendant's exceptions, if the defendant desired the facts to be found by his Honor, he ought to have said so; and then, if his honor had refused to find and state the facts, the defendant ought to have excepted on that account, and made that refusal the basis of his appeal; and then we would declare that there was error in refusing to find and state the facts, and remand the case, in order that the facts might be found and stated. The defendant, however, did not pursue that course, but appealed *Page 372 
generally, without any specific exception upon which he appealed, and so he has left us at sea as much as his Honor has. This might have been remedied if the counsel in the case made for this Court had plainly and briefly stated the facts bearing upon each exception.
But the case states no facts bearing upon any one of the exceptions, but refers us "to the testimony and exhibits taken before the referee, the record of the case, the report, the exceptions and the decree." As there are only seventy pages of these, it would not be impossible for us to consult the references; but the Constitution forbids us to do so. "No issue of fact shall be tried in this Court." It might conform to strict practice to affirm what his Honor did; because there is no specific exception to what he did showing error. But the amounts are large, and the practice not very well settled, and injustice might be done. (458) We therefore remand the case, that the facts may be stated upon which each one of the defendant's exceptions was overruled. This may be done by his Honor, or in a case under the Code.
We do not want the testimony; because to that we are forbidden to look; but the facts. State the facts applicable to each exception, from which the Judge drew the legal inference that it ought to be overruled, just as he stated the facts upon which he allowed the plaintiff's exception.
Let this be certified and the cause remanded.
PER CURIAM. Judgment accordingly.
SC. 79 N.C. 428; Tayloe v. Tayloe, 108 N.C. 73; Maxwell v. Barringer,110 N.C. 83; Cole v. Stokes, 113 N.C. 273; Warren v. Susman, 168 N.C. 460;Smith v. Land Bank, 213 N.C. 346; Peedin v. Oliver, 222 N.C. 670;Pearson v. Pearson, 227 N.C. 33.