## W. G. JOYNER v. GRAY FARMER.

*Mortgage Sale—Purchase by Mortgagee—Ratification by Mortgagor —Estoppel.*

1. The estate acquired by a mortgagee by a purchase at a sale made by himself under a power in the mortgage deed, is not void but only voidable, and can be avoided only by the mortgagor or his heirs or assigns.

2. In such case the estate of the mortgagee being voidable only may be confirmed by any of the means by which an owner of a right of action in equity may part with it, viz :—
   (1) By a release under seal.
   (2) By such conduct as would make his assertion of his right fraudulent against the mortgagee, or against third persons, and which would therefore operate as an estoppel against its assertion.
   (3) By long acquiescence after full knowledge.

3. Where the defendant (mortgagee) purchased the land in dispute through an agent at a sale made by himself under a power in the mortgage deed the plaintiff (mortgagor) being present and not objecting ; and thereafter the plaintiff by agreement retained possession of the land, as tenant of defendant, until certain crops were gathered, when they met by agreement and adjusted the matter, the plaintiff receiving the excess of the amount of sale over the sum due the defendant on the mortgage, less a certain sum allowed the defendant as rent, and yielded possession of the premises to defendant ; *It was held*, in an action by plaintiff ( brought soon after the above settlement) to set aside the sale, &c., that the sale should be set aside, the land resold under the direction of the Court, and the proceeds applied to the payment of such amount as should upon an adjustment of accounts be found due the defendant, and the surplus paid to plaintiff.

(*Paschal* v. *Harris*, 74 N. C. 335, cited and approved; *Whitehead* v. *Hellen*, 76 N. C. 99, cited, modified and approved.)

CIVIL ACTION, tried at Fall Term, 1877, of NASH Superior Court, before *McKoy, J.*

The plaintiff, mortgagor, brought this action against the defendant, mortgagee, for the purpose of setting aside a sale

of certain lands, made by the mortgagee on the 20th of June, 1873, under a power of sale in the deed, and at which sale the mortgagee through an agent became the purchaser. The plaintiff failed to pay at maturity, and by agreement between the parties a portion of the mortgaged premises was sold by the plaintiff and the proceeds credited on the debt; and then after a further failure to pay, the defendant sold the balance of the land, as aforesaid, to secure payment of the balance of the debt. Due notice was given of the time of sale by advertisement at the Court House door, and the plaintiff was present and did not object thereto. The land was bid off by one Eason at a sum considerably in excess of the debt, and the mortgagee conveyed to Eason, and afterwards, on the same day, Eason reconveyed to the defendant mortgagee. By agreement, the plaintiff mortgagor retained possession until certain crops were gathered, when they met by agreement in the Town of Nashville to adjust the matter, and the plaintiff received the said excess, first deducting $300 for rent, and yielded possession of the premises.

His Honor intimated that the differences might be more easily adjusted by an account taken by a Commissioner to be appointed by the Court, as there was but one issue,—the amount of indebtedness of plaintiff to defendant. But the defendant insisted that the acts of the plaintiff after the sale were a ratification of the sale, and operated as an estoppel to his right to recover in this action; while the plaintiff insisted that the sale was void, and that there could be no ratification by parol.

His Honor adjudged that the sale and the deeds aforesaid did not change the relation of mortgagor and mortgagee, and ordered that the balance due to defendant be ascertained by a Commissioner, who was also directed to sell the land for cash upon giving twenty days' notice, execute a deed to the purchaser, and apply the proceeds to the payment of the

balance found to be due defendant upon the mortgage debt, and pay over the surplus if any to the plaintiff, and report his proceedings to the next term of said Court. From this judgment the defendant appealed.

*Messrs. Busbee & Busbee,* for plaintiff.
*Messrs. Gilliam & Gatling,* for defendant.

RODMAN, J. It is not doubted that a mortgage of land with a power of sale in the mortgagee upon default in payment is lawful. And if the mortgagee sell under such a power, a stranger who purchases *bona fide* will acquire a good title free of the trust. Coot on Mortgages, 125 note A. 130 ; *Paschal* v. *Harris,* 74 N. C. 335. It is equally clear in this State, and generally, but not universally, that if the mortgagee himself purchases at his sale, whether he does it directly or by an agent, he nevertheless holds the legal estate subject to an equity in the mortgagor to redeem, unless in some way he releases or loses that equity. 2 Washburn on Real Property, p. 448, Book 2, ch. 3, § 20.

In Massachusetts it appears to be established that if the mortgage contains a provision authorizing the mortgagee to purchase at his own sale, he may do so, if his proceedings are fair and honest. 14 Allen (Mass.) 369, *Hall* v. *Bliss,* 118 Mass. 554. It may be that the language of the opinion in *Whitehead* v. *Hellen,* 76 N. C. 99, is somewhat too strong to be universally applicable; for the deed from the mortgagee to his agent conveys the full legal estate to the latter, and in a Court of Law makes him the owner, thus divesting the mortgagor of his equity of redemption, which is considered even after forfeiture as an estate, although enforceable only in equity, and liable to sale under execution by the Act of 1812, Bat. Rev., ch. 44, § 5, and turning the equitable estate into a mere right of action, which could not be sold under that Act. But as between the mortgagor and mortgagee,

the right of the former in equity after such a sale cannot be held to differ essentially from what they were before, unless they have been lost in some of the ways presently to be mentioned.

The sale by the mortgagee is not void, but only voidable, and can be avoided only by the mortgagor or his heirs or assigns. Washburn, *ante.* The estate of the mortgagee acquired by the sale, being voidable only, may be confirmed by any of the means by which an owner of a right of action in equity may part with it.

1. By a release under seal, as to which nothing need be said.

2. Such conduct as would make his assertion of his right fraudulent against the mortgagee, or against third persons, and which would therefore operate as an estoppel against its assertion.

3. Long acquiescence after full knowledge, and probably this method may be classed with the second, unless it has continued for so long a time that a statute of limitations operates, or there is a presumption of a release. Washburn, *ante*; 8 Rich. Eq. 112; 4 Minn. 25; 16 Md. 508; Lewin on Trusts, 651.

What length of time would suffice for such a purpose, is left uncertain upon the authorities. White's Leading Cases in Eq. 158—168; *Mitchell* v. *Berry,* 1 Metc. (Ky.) 602; *Jenison* v. *Hogford,* 7 Pick. 1. Perhaps it may be that the statute of limitations of three years on a parol promise may furnish the proper rule.

In the present case the plaintiff was present at the sale by the mortgagee and did not object. He afterwards retained possession of the land as the tenant of the defendant for a year, and apparently after the end of the year, although the date is not given, received from the defendant the residue

of the sum for which the land sold, after deducting the rent.

This action was brought on the 25th of January, 1875, soon after the expiration of his term as tenant. The sale was on the 20th day of June, 1873. No case holds that a mere acquiescence for so short a time bars an action. There is nothing in the case from which it can be inferred that the conduct of the plaintiff or his delay to sue, has induced the defendant to put himself in any worse position than he was in immediately after the sale. The defendant says that plaintiff deteriorated the land during his occupancy of it. But it was still an ample security for the debt, and if that deterioration occurred during the tenancy, we must assume that it was guarded against in the lease, as it might have been.

The right of no third persons have intervened, and the lapse of time is two short to raise any presumption of a release or abandonment of the right.

No fraud or ill conduct is imputed to the defendant. It is not alleged that it was known at the sale, that the purchaser was bidding for him, or that the price was diminished by such bidding.

But the interest of a vendor and a purchaser are so antagonistic, that the same man cannot safely be allowed to fill both characters. *VanEpps* v. *VanEpps*, 9 Paige Ch. R. 241. No doubt there are exceptional cases in which a mortgagee may sell with perfect fairness, and to the advantage of the mortgagor, and buy. But a Court can never know with certainty, that it has been so in any particular case, and is obliged to act upon the general rule for the prevention of unfair dealing.

The defendant cannot be injured by having the value of the land ascertained by a public sale, under the order, and by an officer of a Court, and an adjustment of the account

between him and the plaintiff, after such sale. Judgment below affirmed and cause remanded. Let this opinion be certified to the end, &c.

PER CURIAM.                              Judgment affirmed.