WILLIAM WHITHEAD et al. v. M. D. WHITEHURST, Adm'r.

*Consent Reference — Evidence — Purchase at One's Own Sale, When Voidable—Agreement of Counsel—Order of Court.*

1. It is well settled that this Court will not disturb the findings under a consent reference where there is any evidence to sustain them.

2. A sale under mortgage, at which the mortgagee purchases through a third party, is not void, but voidable, and at the instance of the mortgagor or his heirs; and when the property sold brought a fair price, it does not appear that the creditors of a deceased mortgagor have any right to complain.

3. Mere agreement of counsel, filed with the Clerk, that the order of sale for assets should be set aside, made after sale was confirmed, purchase-money paid and title made to purchaser, and without any order of Court to that effect, is ineffectual for such purpose.

4. Where, under such reference, the findings of fact are pertinent, so far as this Court can see, it will not set them aside, the burden being on the party complaining to show error.

This was a CIVIL ACTION, heard, upon exception to a referee's report, at October Term, 1890, of EDGECOMBE Superior Court.

This action was brought by creditors of the intestate of the defendant to compel him to an account of his administration and to pay the creditors what may be payable to them, respectively. The pleadings raised issues of fact and law. In the course of the action, "the case" was, by consent of parties, referred to a referee "to find the facts and state the accounts and report the result of his findings," etc. Afterwards, the referee made report as directed, and the defendant filed divers exceptions thereto. Afterwards, the Court overruled all these exceptions and gave judgment for the plaintiff. The defendant, having excepted, appealed to this Court, assigning error as follows:

1. That he has failed to credit the defendant with his account of $570 for rent of mill under the contract of milling, as established by the testimony of D. C. Moore and G. A. Vick.

2. That he has failed to credit the defendant with exhibits "R" and "S," as representing the indebtedness of B. C. Highsmith, defendant's intestate, to G. A. Vick, arising under the milling contract aforesaid, and paid by M. D. Whitehurst, the defendant, amounting to $648.68.

3. That he has charged the defendant with $1,211 as of 1883, proceeds from sale of land, whereas the amount proper to have been charged was $800, 6th day of May, 1889.

The defendant excepts to the referee's conclusions of law numbered, respectively, 1, 2, 5, 6, 11.

The findings of law thus referred to are the following:

(1). That while purchase by a mortgagee at his own sale is voidable, it is not void, but when the price is reasonable and no exception taken by the mortgagee, it becomes valid; and therefore, by virtue of the sale made by William Whitehead, under his mortgage, on February 24th, 1883, he

became the legal owner of the lands purchased by him, and is not chargeable with rents.

(2). That the defendant is chargeable with the proceeds of the first sale of the lands.

5. That the debt mentioned in the twenty-first finding is not a proper charge.

6. That none of the items embraced in voucher "T," except that of Asa Bullock, are proper charges against the estate.

11. That the plaintiffs are entitled to judgment that the sum of $1,261.57, remaining in the hands of the defendant administrator and liable to the demands of the plaintiff creditors, be distributed among the several plaintiffs, as follows: the plaintiff William Whitehead to recover the sum of $1, 204.60; the plaintiff Piney Highsmith to recover the sum of $58.64; and the plaintiff M. G. Bryan the sum of $28.64.

*Mr. R. H. Battle,* for plaintiff.
No counsel *contra.*

MERRIMON, C. J.: In effect the Court approved and sustained the findings of fact and law by the referee. The reference was by consent of parties. Hence, it is not the province of this Court to review the findings of fact, although this action is equitable in its nature, if there is any evidence to sustain them. This is settled by many decisions. There was clearly some evidence to sustain such findings of fact, and accepting them, as we must do, the exceptions as to them cannot be sustained. The credits claimed were, for the reasons stated by the referee, properly disallowed, and the charge complained of was a proper one.

The intestate of the defendant in his life-time owed the plaintiff Whitehead certain debts, and to secure the same executed to the latter two mortgages of the land therein

specified. Under a power of sale in these mortgages the land was sold, and the mortgagee, indirectly through a third party, purchased the same at a "fair" sale, and they sold for their full value. This appears. This sale was made in February of 1883, and the money, the proceeds of the sale, properly applied. The mortgagor died shortly before the sale, but, so far as appears, the heir at law did not and does not at all complain of the same, nor did the defendant until he filed his exceptions to the report; nor does it appear that he is interested in opposition to it as administrator or otherwise. This sale was not void; it was voidable at the instance of the heir, and in possible cases, it may be that the administrator might in some proper way avoid it, but this does not appear to be such a case. It does not appear that the creditors of the intestate are or can be prejudiced by it, and the defendant is not—does not profess to be—interested in their behalf. *Joyner* v. *Farmer*, 78 N. C., 196; *Sumner* v. *Sessoms*, 94 N. C., 371; *Gibson* v̇. *Barbour*, 100 N. C., 192.

In 1883 the defendant applied to a proper Court for a license to sell certain of the lands of his intestate to make assets to pay debts. Such license was granted; the sale was made; the purchaser at the same paid the purchase-money; the sale was confirmed by the Court and the defendant was directed to make title to the purchaser, which he accordingly did. Afterwards, in 1887, the counsel for the defendant and counsel for the plaintiff Whitehead agreed to set aside the sale last above mentioned, and this stipulation was handed to the Clerk of the Superior Court in which the license to sell the land was granted; but the Clerk made no such order, nor did the Court in term time, or at all. What purported to be a resale of the same land was made in 1889, after this action began, and eight hundred dollars was bid for the same. The defendant insists that the referee should have charged him with this sum, and not that bid and paid for the land at the sale thereof under license from the Court,

as he did do. The license to sell the land, the sale thereof and the confirmation of the sale was not set aside—it remained and remains in full force, and effect, and the defendant is properly charged with the price bid and paid for it. The second supposed sale had no judicial or authoritative sanction and was ineffectual, certainly as to the purposes of this action.

As to the exceptions five, six and eleven to the findings of law, we are of opinion that they are unfounded. The findings of fact pertinent, certainly so far as we can see, warrant them. If there is error, the burden is upon the defendant to make it appear. None is pointed out and none appears upon the face of the record.

Judgment affirmed.