R. L. SHUFORD, SR., AND R. L. SHUFORD, JR., v. GREENSBORO JOINT-STOCK LAND BANK, O. D. BARRS, SHERIFF, AND L. M. EPPS, JUSTICE OF THE PEACE, OF CATAWBA COUNTY.

(Filed 12 December, 1934.)

1. **Mortgages H j—Purchase of property by mortgagee at foreclosure is voidable and not void.**

   The purchase of property by a mortgagee at the foreclosure of the mortgage, or the purchase of the property by an officer of the mortgagee and his transfer of the property to the mortgagee is not void, but is voidable at the option of the mortgagor.

2. **Same: Landlord and Tenant C b—Mortgagors held estopped by their conduct from attacking title of mortgagee on ground that he purchased property at his own foreclosure sale.**

   Upon the foreclosure of a mortgage on plaintiff's land an officer of defendant bank, the mortgagee, bid in the property, and later conveyed the property to the bank. Thereafter the mortgagors procured the bank to lease the property to a third person for their benefit, and later procured the bank to lease the property to them and entered a consent judgment in

which they admitted that the title to the land was in the bank, and acknowledged that their only claim to the land was under their lease: *Held*, the mortgagors are estopped by their conduct from attacking the title of the bank on the ground that in effect the bank bought the property at the foreclosure sale of its own mortgage, the title of a mortgagee bidding in the property at his own sale being voidable and not void, and the mortgagors, by their conduct, having confirmed and ratified the bank's title.

3. **Ejectment B a—Justice of the peace held to have had jurisdiction under provision of C. S., 2365, et seq.**

A suit to restrain execution on a judgment in summary ejectment by a justice of the peace, on the ground that the justice had no jurisdiction, is properly dismissed where it appears that plaintiff, formerly the mortgagor of the property, had leased the property and was estopped from attacking the foreclosure and setting up the relation of mortgagor and mortgagee. C. S., 2365, *et seq.*

4. **Appeal and Error E h—**

The rights of a person not made a party to the action cannot be adjudicated on appeal.

APPEAL from judgment of *Harding, J.*, entered at Chambers in Charlotte, 3 August, 1934, dissolving a restraining order in an action pending in CATAWBA. Affirmed.

The plaintiffs seek to restrain the defendants from ejecting them from the land described in the complaint by means of an execution issuing out of the court of a justice of the peace, for that the said justice of the peace was without jurisdiction to determine the rights of the parties thereto in a suit in summary ejectment, alleging that the relationship existing between said parties was not that of landlord and tenant, but that of mortgagor and mortgagee.

The cause came on to be heard upon a notice to show cause why the temporary restraining order should not be made permanent, and judgment was entered vacating such order, and the plaintiffs appealed to this Court, assigning errors. The determinative facts are set forth in the opinion.

*W. A. Self and Russell W. Whitener for appellants.*
*W. C. Feimster and J. C. Rudisill for appellees.*

SCHENCK, J. Upon sufficient evidence his Honor found substantially the following facts:

On 17 January, 1924, R. L. Shuford, Sr., one of the plaintiffs, and his wife, Cora Shuford, executed to the defendant Land Bank a mortgage for the sum of $28,000 to secure the payment of their certain promissory note in like amount, and that later the said Shuford and wife defaulted in the payment of a portion of said indebtedness, and because of said

failure to pay, in accordance with the terms of said mortgage, all of the balance of the indebtedness became due and payable; that on 23 February, 1932, the said defendant Land Bank, pursuant to the power contained in the mortgage, sold the land in controversy at public auction, and that C. E. Fleming became the last, highest, and only bidder therefor at the sum of $28,000, which sale was reported to the court and confirmed; and thereafter, on 27 April, 1932, the defendant bank, as mortgagee, conveyed said land to said Fleming, and later, namely, on 7 May, 1932, said Fleming conveyed the said land to said Land Bank for the recited consideration of $10.00, and that the said Fleming was all the while an officer of said bank. The court further found that, on 29 March, 1932, the defendant Land Bank leased said land for a crop season to one J. W. Abernethy for the benefit of the plaintiffs, and one year later, on 29 March, 1933, the defendant Land Bank leased said land for a crop season to the plaintiffs, in which lease the plaintiffs agreed to vacate said premises upon the expiration of said lease on 31 December, 1933, and that the plaintiffs paid the rental due under their lease for only one month, failing to pay the balance due of $100.00 per month for six months; that on 29 November, 1933, the defendant bank had written notice served upon said plaintiffs to vacate said property on or before 31 December, 1933, in accordance with their written lease. That prior to the lease to said plaintiffs on 29 March, 1933, the defendant bank had instituted before its codefendant L. M. Epps, a justice of the peace, a suit in summary ejectment against said Abernethy and the plaintiffs in this action, and, upon the execution of said lease to the plaintiffs, a consent judgment was entered in said ejectment proceeding wherein the defendants in that action, the plaintiffs in this action, admitted that said Land Bank was the owner in fee of said land and acknowledged that their only claim, right, title, or interest therein was such as was given them by reason of the lease to them by said Land Bank.

That upon the failure of the plaintiffs to vacate the land in controversy the defendant Land Bank again instituted suit in summary ejectment before the said L. M. Epps, justice of the peace, against the said R. L. Shuford, Sr., and R. L. Shuford, Jr., for the possession of the premises in question, in accordance with the terms of said lease of 29 March, 1933; and on or about 16 April, 1934, judgment was entered by said justice of the peace to the effect that the defendants be removed from said premises and that the Land Bank be put into possession thereof, from which judgment the defendants, the plaintiffs in this action, while they gave notice thereof, failed to perfect an appeal to the Superior Court; and the Land Bank, at the July Term, 1934, of the Catawba County Superior Court, had said appeal docketed and dismissed in accordance with the statute.

That on 3 May, 1934, at the request of the defendant bank, the said L. M. Epps, justice of the peace, issued an execution directing O. D. Barrs, sheriff of Catawba County, to dispossess the defendants R. L. Shuford, Sr., and R. L. Shuford, Jr. (the plaintiffs in this action), and to place the Greensboro Joint-Stock Land Bank in possession thereof, which execution was held for more than sixty days and returned not executed on account of the illness of the wife of R. L. Shuford, Sr.

That in the meantime a receiver of the crops grown on the land in controversy was appointed by the resident judge of the 16th Judicial District; and that on 14 July, 1934, a temporary restraining order was signed by the said resident judge requiring the defendant L. M. Epps, justice of the peace, to appear and show cause why he should not be required by writ of *mandamus* to recall the execution and directing the said Barrs, sheriff as aforesaid, not to eject the plaintiffs from the lands in question and directing the defendant Greensboro Joint-Stock Land Bank to show cause why it should not be enjoined from ejecting or attempting to eject the plaintiffs in this action.

That at the hearing upon the notice to show cause plaintiffs filed affidavits tending to show that in said mortgage to the bank are embraced a 13-acre tract and a 42-acre tract, which were the separate estate of Cora Shuford, wife of R. L. Shuford, Sr., upon the smaller of which was situated the residence of the said wife, which affidavits were not controverted; and that the said Cora Shuford did not sign any lease of the lands in controversy or any paper-writing in respect to said land after the execution of the mortgage, and that the said Cora Shuford was not a party to this action; and that the leases and agreements hereinbefore referred to were not under seal.

And withal it appears from the record that no fraud in the sale under the power in the mortgage is alleged or any proof or suggestion of fraud made at the hearing, and that the $28,000 bid by Fleming at said sale was more than anyone else would bid at the time thereof, or at any time subsequent thereto, and is more than the land would bring if again offered at public auction.

The plaintiffs, appellants, contend that under the foregoing facts the relationship of mortgagor and mortgagee was still subsisting between the plaintiffs and the defendant Land Bank at the time the judgment ejecting them was entered by L. M. Epps, justice of the peace, and, as equitable rights and questions of title were involved, said justice of the peace was without jurisdiction to enter said judgment, and that the same, as well as the execution based thereupon, was therefore void and of no effect.

The defendants, on the contrary, contend that under the foregoing facts the relationship of landlord and tenant existed between the defendant bank and the plaintiffs at the time the judgment ejecting the plain-

tiffs was entered, and that therefore the right to institute a suit in summary ejectment before a justice of the peace was open to the said bank, and that therefore said judgment and execution are in all respects valid.

While it may be true that where a director or an officer of a corporation buys land sold under mortgage by the corporation, he is presumed to have bought for the corporation and acquires only the legal title, and that the mortgagor still holds the equity of redemption. *Craft v. Mechanics' Home Association,* 127 N. C., 163, and that if such director or officer conveys the legal title to the corporation, that the mortgagor still retains the equity of redemption; and if nothing else appeared than the sale of the land described in the mortgage, under the power therein, by the Land Bank to Fleming, one of its officers, and by Fleming to the Land Bank, the deed to Fleming and the deed by him to the Land Bank would be voidable at the option of the plaintiffs, mortgagors. However, the record in this case shows, and his Honor so finds, that after the sale was made to Fleming under the power in the mortgage, the Land Bank leased the lands in controversy to one Abernethy for the benefit of the plaintiffs; and that after the land was conveyed by Fleming to the Land Bank the Land Bank leased said lands to the plaintiffs, and that the plaintiffs contracted and agreed in said lease to pay a monthly rental and to vacate the land upon the expiration of the lease; and that at the same time this last-named lease was entered into the plaintiffs in this case consented, in a previous suit in summary ejectment, to a judgment removing them from said land and acknowledged therein that the only right or title which they had to said land was such right or title as they had by virtue of the lease to them by the defendant Land Bank, which they also admitted in said consent judgment to be the owner in fee simple of the said land; that said last-named lease and said consent judgment were entered into on 29 March, 1933, more than a year after the sale under the power on 23 February, 1932, and plaintiffs occupied said lands under said lease until the expiration thereof on 31 December, 1933.

In the case of *Joyner v. Farmer,* 78 N. C., 196, cited in the briefs of both parties to this action, it is said: "The sale of the mortgagee (*i.e.,* the sale under the power in the mortgage by the mortgagee to himself) is not void, but only voidable, and can be avoided only by the mortgagor or his heirs or assigns. . . . The estate of the mortgagee acquired by the sale, being voidable only, may be confirmed by any of the means by which an owner of a right of action in equity may part with it:

"1. By a release under seal, as to which nothing need be said.

"2. Such conduct as would make his assertion of his right fraudulent against the mortgagee, or against third persons, and which would, therefore, operate as an estoppel against its assertion.

"3. Long acquiescence after full knowledge; . . ."

The action of the plaintiffs in procuring from the defendant bank the lease to Abernethy for their benefit, and procuring the later lease to themselves from said bank, and in entering into the consent judgment in which they admitted that the title was in the Land Bank and acknowledged that their only claim was by virtue of a lease from said bank, was such conduct as makes their assertion of any right to have declared void the deed made under the power to Fleming, or the deed to the Land Bank by Fleming, fraudulent against said Land Bank, and therefore operates as an estoppel against such assertion. The estate of the Land Bank, acquired through the sale under the power in the mortgage, being, in the first instance, only voidable at the option of the plaintiffs, mortgagors, they have by their conduct and acquiescence confirmed and ratified such estate, and are now estopped to deny the title of the bank, mortgagee.

We are of the opinion that the relationship existing between the defendant Land Bank and the plaintiffs at the time the judgment of the justice of the peace was entered and at the time the execution therein was issued was not that of mortgagee and mortgagor, but was that of landlord and tenant, and that said judgment and execution were entered and issued by a court of competent jurisdiction—in fact, by the only court that has original jurisdiction of suits in summary ejectment between landlord and tenant, that of a justice of the peace, C. S., 2365, *et seq.;* and we therefore conclude that there was no error in his Honor's judgment dissolving the restraining order which sought to have the judgment and execution of the justice of the peace declared a nullity.

We do not here attempt to adjudicate any of the rights of Cora Shuford, wife of R. L. Shuford, Sr., for the reason that she has never been made a party to this action.

Affirmed.