STEVANUS BLOUNT v. C. R. BASNIGHT, D. M. BASNIGHT, AND DAVID BASNIGHT.

(Filed 22 January, 1936.)

**Mortgages H p—Notice of sale and deed to purchaser referring to mortgage and mortgage referring to prior deed sufficiently describing property, held to sufficiently identify lands foreclosed.**

> The deed under which the mortgagor acquired title contained a full and accurate description of the land, and the mortgage referred to the deed by book and page number and identified the land as the same embraced in the deed. The notice of foreclosure sale referred to the mortgage by book and page number, as did the deed to the purchaser at the foreclosure sale. *Held:* Under the doctrine of *id certum est quod certum reddi potest*, the description of the lands in the mortgage, the notice of sale, and the deed to the purchaser were sufficient, and the mortgagor's contention that the sale was ineffectual because of insufficient description in the instruments cannot be sustained.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the plaintiff from judgment of nonsuit at the close of evidence of both plaintiff and defendants, entered by *Sinclair, J.,* at January Term, 1935, of WASHINGTON. Affirmed.

*Zeb Vance Norman for plaintiff, appellant.*
*W. L. Whitley and P. H. Bell for defendants, appellees.*

SCHENCK, J.    This is an action to set aside and to have declared void a deed of foreclosure made by the defendant C. R. Basnight, as mortgagee, to the defendant D. M. Basnight, and a deed made by said D. M. Basnight and wife to the defendant David Basnight.

The plaintiff contends that the evidence supports his allegation that the mortgage and notice of foreclosure sale, as well as the deed made pursuant thereto, are fatally defective in that the descriptions therein contained are insufficient to designate the land described in the complaint.    It is admitted that the land described in the complaint was originally conveyed by M. Linyear and wife to the plaintiff's father, John Blount, by deed dated 24 September, 1912, registered in Book 61, at page 414, of the register of deeds for Washington County, and that this deed contains a proper and all sufficient description of the land involved, being 38.08 acres, more or less.    The mortgage from the plaintiff Stevanus Blount and his wife to C. R. Basnight, dated 1 April, 1931, registered in Book 110, at page 122, of the register of deeds for Washington County, expressly refers to the original deed and makes the same a part and parcel of the mortgage by the use of the following words: "The above described lands, being the same tract conveyed to John Blount by deed dated 14 September (24), 1912, by deed recorded in Book No. 61, page 414, of the register of deeds' office of Washington County, and reference is made thereto for full description."    The notice of foreclosure sale expressly refers to the aforesaid mortgage and identifies it with the following words: "Under and by virtue of the power of sale contained in a certain mortgage executed by Stevanus Blount and wife, Hattie Blount, on 1 April, 1931, recorded in Book 110, page 120 (122), of the register of deeds' office of Washington County, the mortgagors having defaulted in the payment of the debt secured thereby, the undersigned mortgagee will expose for public sale at the courthouse door in Plymouth, N. C., to the highest bidder, for cash, on 30 October, 1933, at 12 o'clock noon, the following described lands:   .   .   ."    The deed of foreclosure from C. R. Basnight, mortgagee, to D. M. Basnight also expressly refers to the aforesaid mortgage in the following words: "That whereas, on 1 April, 1931, Stevanus Blount and wife, Hattie Blount, executed and delivered unto the said C. R. Basnight, mortgagee, a certain mortgage, which is recorded in Book 110, page 120 (122), of the register of deeds' office of Washington County, and whereas under and by virtue of the authority conferred by said mortgage and by law provided, the said C. R. Basnight, mortgagee, did, on 30 October, at 12 a.m., at the courthouse door in Plymouth, N. C., expose at public sale the lands hereinafter described,   .   .   ."

With a clear and direct reference in the mortgage to the original deed, which contains an admittedly ample description, and a clear and direct reference in the notice of foreclosure sale to the mortgage, and a clear and direct reference in the deed of foreclosure to the mortgage, it cannot be held that the mortgage, or the sale thereunder pursuant to the notice of foreclosure, was ineffectual to convey title because either the mortgage, notice of foreclosure sale, or deed of foreclosure did not contain a sufficient description of the land involved. *Id certum est quod certum reddi potest.*

The syllabus of *Douglas v. Rhodes,* 188 N. C., 580, which is a fair interpretation of the opinion, is as follows: "Advertisements for the sale of land under foreclosure of mortgage or deed of trust are required by our statute (C. S., 2588) to describe the lands 'substantially' as in the conveyance thereof; and while it may be more advisable to give the exact description, the deed made in pursuance thereof is not necessarily void for lack of such description, as where the land is designated as a well known and certain tract, . . . with reference to the book in the office of the register of deeds where the description is given, with number of page, etc., for a more particular description, it is a sufficient description of the land and will convey the title if the notice of such has been published in accordance with the terms of mortgage or deed in trust." There is no contention that the notice of sale has not been published accordant with the terms of the mortgage and of statute, or that there has been any failure to comply with the foreclosure regulations other than to sufficiently describe the premises.

Since we hold that there was a valid foreclosure sale of his interest in the lands described in the complaint, the plaintiff can have no further concern as to the validity of the deed from D. M. Basnight and wife to David Basnight.

Affirmed.

Devin, J., took no part in the consideration or decision of this case.