A. V. JONES AND WIFE, ALETHIA JONES, v. R. J. STEWART.

(Filed 13 October, 1937.)

**Equity § 2—Plaintiffs held estopped by laches from attacking foreclosure for misrepresentations when facts had been of record for six years.**

Defendant, the last and highest bidder at a judicial sale, had his bid transferred to plaintiffs, as shown by the commissioner's records, and the commissioner executed deed to plaintiffs subject to a prior mortgage, which deed was registered but not delivered. Defendant paid the commissioner the amount of the bid, less the amount of the encumbrance. Plaintiffs, who had agreed to buy the land from defendant at a stipulated price, part in cash, were unable to make the cash payment, and in lieu thereof executed a deed of trust on the tract conveyed and on other lands of plaintiffs, to secure the entire purchase price. Plaintiffs alleged that defendant represented he owned the fee simple unencumbered title to the lands, but that soon after the transaction they received notice of interest due from the prior mortgagor, that they paid interest to the prior mortgagor upon defendant's statement that he would credit them with the amounts paid. Default having been made on defendant's deed of trust, he had the trustee foreclose, and bid in the entire property at the sale. This action was instituted some three years after foreclosure and some six years after the execution of the commissioner's deed, plaintiffs contending that they did not see the commissioner's deed until the institution of the action, and that they had been damaged by defendant's fraudulent misrepresentations. *Held:* The circumstances under which the com-

missioner's deed was executed does not invalidate the deed of trust executed by plaintiffs, and plaintiffs are estopped by their laches from maintaining this action, the facts being of record and ascertainable by plaintiffs upon the exercise of due diligence.

APPEAL by plaintiffs from *Grady, J.*, at May Term, 1937, of WARREN. Affirmed.

This is a civil action, instituted by the plaintiffs to invalidate a trust deed executed by them to T. S. Kittrell, trustee, securing a note in the sum of $1,900, payable to the defendant; for the recovery of certain sums expended upon a first mortgage on the lands in controversy and for taxes; and to recover damages. Defendant's motion to dismiss as of nonsuit at the conclusion of all the evidence was allowed and the plaintiffs excepted and appealed.

*John Kerr, Jr., and W. H. Yarborough for plaintiffs, appellants.*
*Julius Banzet and Frank Banzet for defendant, appellee.*

BARNHILL, J. In 1929 the administratrix of Charles Jones, deceased, instituted a special proceeding against his heirs to sell land to make assets. An order was entered, appointing T. S. Kittrell commissioner, and directing that the land be sold at public auction for cash. At the sale the defendant R. J. Stewart became the last and highest bidder in the sum of $1,000. The defendant entered into negotiations with the plaintiffs to purchase said land, allegedly representing that he was the owner thereof in fee and that the land was free and clear of any encumbrance. The plaintiffs agreed to purchase the lands for $1,900, to be paid $300.00 in cash and the balance in installments. Thereupon, the defendant assigned his bid to the plaintiffs and the commissioner reported the sale and the transfer of bid and the same was duly confirmed. The report of sale, the written transfer of bid, and the decree of confirmation all appear on the same sheet of paper. Shortly thereafter the plaintiffs and the defendant met in the office of the commissioner to close the deal. It then appeared that the plaintiffs were not in a position to pay the $300.00 cash as agreed. In lieu of the cash payment the defendant agreed to permit the plaintiffs to include a 12¾-acre tract of land then owned by them in the deed of trust as additional security for the purchase price. The commissioner's deed was filed for recordation, either by the commissioner or the defendant, but was not delivered to the plaintiffs, and they did not see it until the day of the trial. The commissioner, instead of collecting the purchase price in full, made the deed subject to a then outstanding Land Bank mortgage and the defendant paid the difference.

In December, 1929, the plaintiffs received notice of semiannual installment due the Federal Land Bank, and they paid amounts on the

Land Bank mortgage on several occasions thereafter. Upon receiving a notice from the Land Bank, the plaintiffs saw the defendant and called his attention to his representation that he was the owner of the land in fee, free of encumbrance. The defendant thereupon instructed the plaintiffs to pay the Land Bank installments and he would credit such payments on the installments due him, and the plaintiffs did make payments through December, 1932, but paid the defendant nothing. The plaintiffs surrendered the land in December, 1932; the deed of trust was foreclosed in May, 1932, and the defendant became the purchaser of both tracts. This suit was instituted 27 August, 1935.

The mere statement of the pertinent facts discloses that the plaintiffs discovered the falsity of the alleged representations made by the defendant to induce them to purchase the land and to execute a mortgage almost six years prior to the institution of this suit, and that they waited more than three years after the foreclosure of the deed of trust before taking action. It may be that the economic conditions existing at that time led the plaintiffs to believe that in no event did they have any real financial interest in the property. Whatever may have been the moving cause of their delay, it appears from this record that the plaintiffs' own negligence and lack of diligence has caused them to lose any rights they may have had in the premises. One whose laches is so pronounced cannot successfully seek relief in a court of equity, whatever his original rights may have been.

In the argument here counsel for the plaintiffs stressed the evidence tending to show the circumstances under which the commissioner's deed was executed. Even should it be conceded that this testimony tends to establish a fraud upon the court, it is to be doubted that the purchaser could take advantage of it. Certainly the contention that these circumstances invalidates the trust deed executed by the plaintiffs is not available to the plaintiffs. While they did not originally receive the deed, it was on record and the plaintiffs could have discovered, by the exercise of ordinary diligence, the full circumstances of the sale. They let more than six years elapse before discovering the provisions of the special proceedings and the deed, never having gone to the register's office for that purpose. They ascertained the truth only when the deed was offered in evidence by the defendant. Nor are any facts in relation to the circumstances surrounding the sale of the land pleaded in the complaint.

It is unfortunate that the plaintiffs were unable to pay for the land purchased, and that in attempting to acquire more property they lost that which they already had. This is but a casualty of the adverse economic conditions then existing and the laches of the plaintiffs themselves. They have slept upon their rights. The judgment below is .

Affirmed.