ROLAND THIGPEN and ALBERT THIGPEN v. KINSTON COT-
TON MILLS and THE EMPLOYERS LIABILITY
ASSURANCE CORPORATION.

(Filed 6 October, 1909.)

**Actions, Misjoinder of—Negligence—Personal Injury—Loss of Son's
Services—Parties—Demurrer.**

> The joinder of a cause of action brought by a son, an employee,
> to recover of defendant cotton mill, his employer, damages for a
> personal injury alleged to have been caused by the latter's negli-
> gence, with that of the father to recover for the loss of the son's
> services alleged to have been caused by the same negligent act, is
> demurrable on the ground of misjoinder of parties and causes of
> action. Revisal, sec. 469.

APPEAL from *W. R. Allen, J.,* March Term, 1909, of LENOIR.
Civil action, to recover damages for personal injury, heard
upon demurrer by his Honor, *W. R. Allen, Judge,* at Lenoir
Superior Court.
The plaintiffs appealed from a judgment sustaining the de-
murrer.

*G. V. Cowper* and *Y. T. Ormond* for plaintiffs.
*Davis & Davis* for Employers' Liability Assurance Corpora-
tion.
*Rouse & Land* for Cotton Mills.

BROWN, J. This is a suit brought by Roland Thigpen, an
infant, and by Albert Thigpen, individually, against the Kin-
ston Cotton Mills and the Employers' Liability Assurance Cor-
poration (Limited), of London, England, for injuries received
by the plaintiff, Roland Thigpen, while at work in the cotton
mills of the Kinston Cotton Mills.

1. The son sues to recover damages for a personal injury
received while working in the cotton mills, alleged to be due to
negligence of the employer. The father is joined in same action
and sues to recover of the employer for the loss of his son's ser-
vices.

One of the grounds of demurrer is the misjoinder of parties
and causes of action.

We think the demurrer was properly sustained and the action
dismissed. The son has no interest in the cause of action of the
father, and the father has no interest in the cause of action of
the son. It is a manifest misjoinder, both of parties and causes
of action, and therefore the action cannot be divided. Revisal,

151—7

sec. 469. *Cromartie v. Parker,* 121 N. C., 198; *Morton v. Telegraph Co.,* 130 N. C., 302; *Edgerton v. Powell,* 72 N. C., 64.

2. Another ground of demurrer is that the plaintiffs have no cause of action against the Employers' Liability Assurance Corporation.

The question raised by the demurrer has never been decided by this Court, and as the action is dismissed it is unnecessary to decide it now. The judgment of the Superior Court is

Affirmed.