·OWEN H. ROBERTS AND D. B. ROBERTS v. UTILITY MANUFACTURING COMPANY.

(Filed 6 April, 1921.)

**Actions—Parties—Causes of Action—Statutes—Demurrer—Pleadings.**

Causes of action may not be united under the provisions of C. S., 507, except those for the foreclosure of mortgages, unless they affect all the parties thereto, nor can they be divided under C. S., 516, when there is a misjoinder both of parties and causes of action, and when there is a cause of action alleged against one defendant assigned by him to one of the plaintiffs, and a breach of a separate contract made by him with both of

the plaintiffs, and also a breach of another contract made with one of the plaintiffs, a demurrer thereto for misjoinder of parties and causes of action is good.

APPEAL by defendant from *Cranmer, J.,* from NEW HANOVER, heard at Wilson, October Term, 1920.

This is an appeal from a judgment overruling a demurrer to the complaint, the ground of demurrer being that there is a misjoinder of. parties and causes of action.

*Rodgers & Rodgers for plaintiff.*
*Langston, Allen & Taylor for defendant.*

ALLEN, J. The causes of action that may be joined are classified in section 507 of the Consolidated Statutes, which concludes: "But the causes of action so united must all belong to one of these classes, and except in actions for the foreclosure of mortgages, must affect all the parties to the action."

It is also well settled that an action cannot be divided under section 516 when there is a misjoinder both of parties and of causes of action, and that in such case the demurrer must be sustained and the action dismissed. *Cromartie v. Parker,* 121 N. C., 198; *Morton v. Tel. Co.,* 130 N. C., 299; *Thigpen v. Cotton Mills,* 151 N. C., 97; *Campbell v. Power Co.,* 166 N. C., 488.

Applying these principles it is clear that the demurrer ought to have been sustained.

There are two plaintiffs, Owen H. Roberts and D. B. Roberts, and there are at least three causes of action set out, all of which do not affect all of the parties to the action, as required by the statute.

The plaintiffs allege, first, a breach of a contract made by the defendant with O. H. Roberts, and assigned by him to the other plaintiff,. D. B. Roberts. Next, a breach of a separate and distinct contract made by the defendant with both of the plaintiffs, and in the third place, a breach of a contract made by the defendant with the plaintiff, O. H. Roberts.

Reversed.