W. P. ROSE v. FREMONT WAREHOUSE AND IMPROVEMENT COMPANY et al.

(Filed 5 October, 1921.)

**Actions—Parties—Subject-matter—Misjoinder—Severance.**

A contractor sued the owner for the contract price of the building and the latter had the architects made parties and then answered setting up an offset or counterclaim upon allegation that certain damages were caused either by faulty construction or fault of the architects in their plans and specifications, without allegation that the architects in any manner had charge of or participated in the construction of the building, to which the architect demurred upon the ground of misjoinder of parties and causes of action: *Held*, a demurrer was good, and a severance of the causes could not be ordered. C. S., 607.

Appeal by defendant from *Lyon, J.,* at May Term, 1921, of Wayne. Civil action, brought by plaintiff, a contractor, to recover the balance

due on a building contract. Upon motion of the defendant, Fremont Warehouse & Improvement Company, the architects, Benton & Benton, who drew the plans and specifications for said buildings, were made parties defendant. The original defendant then answered, admitted the plaintiff's contract; but set up by way of cross action and counterclaim the following:

"That by the terms of the contract entered into between the plaintiff and this defendant the plaintiff agreed to have said buildings constructed in a proper and workmanlike manner, which, as this defendant is informed and believes, he failed to do, in that the roof trusses of both of said tobacco warehouses were improperly constructed by the plaintiff, and that by reason of said defective construction the said trusses have buckled, thereby rendering the roofs of said warehouses unsafe and dangerous, and thereby rendering said buildings defective and unworkmanlike in their construction; or that if the buckling of the trusses is not caused by improper and unworkmanlike construction by said plaintiff, it is due to the defective plans and specifications prepared and delivered by said defendants, Benton & Benton; and that by reason of the said improper and unworkmanlike construction, or by reason of the defective plans and specifications, or by reason of both the improper and unworkmanlike construction and the defective plans and specifications, this defendant is damaged in the sum of $20,000."

Benton & Benton demurred to this pleading upon the ground of a misjoinder of parties and causes of action. The demurrer was sustained, and the defendant, Fremont Warehouse & Improvement Company, appealed.

*No counsel for plaintiff.*
*E. M. Land and Dickinson & Freeman for Fremont Warehouse & Improvement Company.*
*W. A. Lucas and Langston, Allen & Taylor for Benton & Benton.*

Stacy, J. It will be observed from the allegations of the defendant's cross action and counterclaim that the architects, who furnished the plans and specifications, did not undertake to superintend the erection and construction of the buildings. Their agreement called for the preparation and delivery of the plans and specifications and no more. The buildings were constructed by the plaintiff, but without assistance from or consultation with the architects. There is no allegation of any privity of contract or community of interests between the contractor and the architects. Indeed, they seem to have been employed at different times and for different purposes. Therefore, the defendant's cross action against Benton & Benton is based upon one contract and its

counterclaim against the plaintiff is founded upon another. The two causes of action are separate and distinct; they are set up against different parties, and they are incorporated in the same pleading. This is demurrable. *Roberts v. Mfg. Co.,* 181 N. C., 204; *Lee v. Thornton,* 171 N. C., 209; *Cromartie v. Parker,* 121 N. C., 198; *Quarry Co. v. Construction Co.,* 151 N. C., 345, and cases cited.

The several causes of action which may be united or joined in the same complaint are classified and enumerated in C. S., 507; and, in addition, the following limitation is expressly incorporated therein: "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated." Under a proper interpretation of this section, we think his Honor's ruling sustaining the demurrer must be upheld.

But it is contended that if the two causes of action have been improperly united in the same pleading, his Honor should have ordered a separation or division under C. S., 516. It is well settled by a number of decisions that this cannot be done where there is a misjoinder of both parties and causes of action. *Roberts v. Mfg. Co., supra; Morton v. Tel. Co.,* 130 N. C., 299; *Thigpen v. Cotton Mills,* 151 N. C., 97; *Campbell v. Power Co.,* 166 N. C., 488.

Upon the record we think his Honor was correct in sustaining the demurrer and dismissing the defendant's cross action as to Benton & Benton in this particular proceeding.

Affirmed.