MINNIE SHORE AND HUSBAND, CHARLES SHORE, v. LULA HOLT.

(Filed 18 April, 1923.)

1. **Actions—Misjoinder—Parties—Causes of Action—Husband and Wife—Demurrer—Dismissal—Retention Upon Terms—Courts—Statutes.**

    An action brought by the wife in which her husband has joined, each independently seeking to recover from the defendant the value of their services separately rendered, upon a *quantum meruit,* is a misjoinder both of parties plaintiff and causes of action, which will ordinarily be dismissed upon demurrer; but the court may sustain the demurrer and permit the defect to be cured by an amendment and the wife's cause proceeded with upon such terms as it considers just. C. S., 516.

2. **Same — Pleadings — Amendments — Appeal and Error — Remanding Cause—Procedure.**

    While the husband is not a necessary party to his wife's action to recover for the value of her services rendered upon a *quantum meruit,* C. S., 2513, his joinder therein as a party plaintiff is not improper; and where he has alleged an independent cause of action upon a *quantum meruit,* the Supreme Court, on appeal, in the exercise of its discretion, may remand the cause with direction that the allegations of the complaint as to the statement of the husband's cause be stricken out and the action of the wife proceeded with.

APPEAL by defendant from *Harding, J.,* at November Term, 1922, of GUILFORD.

Civil action to recover upon a *quantum meruit* for services rendered and for an accounting.

The defendant demurred upon the ground that there was a misjoinder, both of parties and of causes of action. Demurrer overruled. Defendant excepted and appealed.

*No counsel appearing for plaintiffs.*
*John A. Barringer for defendant.*

STACY, J. The feme plaintiff alleges that in 1908 she was a ward of the Children's Home Society of North Carolina, Inc.,—being only ten years old at that time—and that she was induced to go and live in the home of the defendant with the assurance that she, the feme plaintiff, would be adopted as a child of the defendant and thereby become entitled to receive, at the death of the defendant, a child's share of her estate. The plaintiff, relying upon this promise, changed her name, went into the home of the defendant and rendered every kind of service required of her by the defendant. She alleges that she cooked, washed dishes, milked the cow, nursed the defendant's husband in his sickness, attended to many of the chores about the house, worked in the cotton mill and in the cigar factory and turned over her wages to the defendant.

On 1 August, 1915, the feme plaintiff was married to Charles Shore, who also worked for the defendant for a period of eight months immediately thereafter. Plaintiff later learned that she had not been legally adopted by the defendant, and it is alleged that the defendant has now disavowed her intention to carry out her promise.

The feme plaintiff brings this action to recover upon a *quantum meruit* for the value of the services rendered by her to the defendant under the promise of reward as above set out. For the right to maintain her action, she relies upon the line of cases of which the following are representative: *Hayman v. Davis,* 182 N. C., 563; *McCurry v. Purgason,* 170 N. C., 463; *Debruhl v. Trust Co.,* 172 N. C., 839; *Patterson v. Franklin,* 168 N. C., 75; *Winkler v. Killian,* 141 N. C., 575; *Whetstine v. Wilson,* 104 N. C., 385; *Miller v. Lash,* 85 N. C., 51.

Charles Shore is joined as a coplaintiff with his wife; and, in the present suit, coupled with his wife's complaint, he has set up a separate and independent cause of action for services rendered by him and for an accounting for the eight months he was with the defendant.

The basis of the demurrer is that there is a misjoinder, both of parties and of causes of action. Where this occurs, it has been held with us that the demurrer should be sustained and the action dismissed. *Roberts v. Mfg. Co.,* 181 N. C., 204; *Thigpen v. Cotton Mills,* 151 N. C., 97. Clearly, the two causes of action are separate and distinct; and, if the feme plaintiff's husband has been improperly joined as a party plaintiff in her suit, the demurrer should be sustained and the action dismissed

under authority of the cases just cited. But if the joinder of the husband, as a formal party, in the wife's suit, is a matter of no special moment, as was said in *Patterson v. Franklin,* 168 N. C., 77, it would seem that she should be allowed to proceed on her cause of action with the allegations of her husband stricken from the complaint.

When several causes of action have been improperly united, the Court may sustain the demurrer and permit the defect to be cured by amendment, or order a division, upon such terms as are just, under authority of C. S., 516. *Gattis v. Kilgo,* 125 N. C., 133.

True, in *Lipinsky v. Revell,* 167 N. C., 508, it was said that the husband was not a necessary or even a proper party to an action of this kind, but this was unnecessary to the decision in that case and hence the statement that he was an improper party must be considered as no more than an *obiter dictum.* That he is not a necessary party is established by all the decisions on the subject (C. S., 2513), but in *Sandlin v. City of Wilmington, ante,* 257, it was suggested, on the peculiar facts there presented, that the husband might not be an improper party in an action brought by his wife to abate a nuisance. See, also, *Craddock v. Brinkley,* 177 N. C., 127; *Kirkpatrick v. Crutchfield,* 178 N. C., 352, and *Price v. Electric Co.,* 160 N. C., 450.

While the demurrer should have been sustained for a misjoinder of the two causes of action, we are of opinion that the feme plaintiff's suit should not be dismissed.

In the present condition of the pleadings, we will remand the cause for further action along the lines suggested in this opinion; such procedure being permitted in the exercise of our discretion. *Huggins v. Waters,* 154 N. C., 444.

Let one-half the costs of this appeal be taxed against the plaintiffs and one-half against the defendant.

Remanded.