VANCE SASSER AND WIFE, LULA SASSER, v. R. W. BULLARD.

(Filed 15 October, 1930.)

**Husband and Wife F a—In this action brought by husband and wife it is held: demurrer for misjoinder of parties and causes was properly sustained.**

Where a civil action for damages is brought by a husband and wife for an alleged assault against them both, for alleged false arrest of the male plaintiff and abuse of process in swearing out a peace warrant against him and his false imprisonment, the defendant's demurrer on the ground of misjoinder of parties and causes of action is properly sustained and the case dismissed, the several causes of action not affecting

all the parties to the action as required by C. S., 507, and C. S., 2513, authorizing a married woman to bring suit for damages for personal injuries without the joinder of her husband.

APPEAL by plaintiffs from *Grady, J.,* at February Term, 1930, of CUMBERLAND.

Civil action to recover damages: First, for an alleged assault upon both plaintiffs; second, for an alleged false arrest of the male plaintiff; third, for an alleged malicious abuse of process in swearing out a peace warrant against the male plaintiff; and, fourth, for an alleged false imprisonment of the male plaintiff.

From a judgment sustaining a demurrer, interposed on the ground of a misjoinder both of parties and causes of action, and dismissing the action, the plaintiffs appeal.

*A. M. Moore for plaintiffs.*
*Robinson, Downing & Downing for defendant.*

STACY, C. J. That there is a misjoinder, both of parties and causes of action, is apparent on the face of the complaint, since C. S., 2513, authorizes a suit by a married woman to recover damages for personal injuries without the joinder of her husband *(Kirkpatrick v. Crutchfield,* 178 N. C., 348, 100 S. E., 602), and the several causes of action, united in the present complaint, do not "affect all the parties to the action," as required by C. S., 507.

Where this dual misjoinder occurs, as in the instant case, and a demurrer is accordingly interposed, the decisions are to the effect that the demurrer should be sustained and the action dismissed. *Shuford v. Yarborough,* 198 N. C., 5, 150 S. E., 618; *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Roberts v. Mfg. Co.,* 181 N. C., 204, 106 S. E., 664; *Thigpen v. Cotton Mills,* 151 N. C., 97, 65 S. E., 750.

The case of *Shore v. Holt,* 185 N. C., 312, 117 S. E., 165, is not at variance with our present holding.

Affirmed.