J. W. COUNCIL, MARTHA A. COUNCIL, and HELEN A. COUNCIL ANDREWS, v. GREENSBORO JOINT STOCK LAND BANK, C. E. FLEMING, J. H. BLOUNT, J. K. BLOUNT, and F. L. BLOUNT.

(Filed 24 February, 1937.)

**1. Pleadings § 20—**

Upon demurrer the complaint must be liberally construed with a view to substantial justice between the parties, C. S., 535, and the demurrer should be overruled unless the complaint is wholly insufficient to state a cause of action, taking its allegations to be true and adopting every intendment in behalf of the pleader.

**2. Mortgages § 39g—Complaint held sufficient to allege cause against purchasers to set aside their deed from purchaser at foreclosure sale.**

    · The complaint, as amended, alleged in substance that the property was bought at the foreclosure sale by the secretary and treasurer of the corporate mortgagee acting in such capacity as an agent of the mortgagee, that he shortly thereafter conveyed to the mortgagee, constituting in effect a purchase of the property by the corporate mortgagee at its own sale, and that defendant purchasers took deed directly from the corporate mortgagee with a recited consideration of ten dollars and other valuable considerations, and that defendant purchasers took with express or implied knowledge of the facts, since the facts were matters of public record. *Held:* Defendant purchasers' demurrer to the complaint should have been overruled, since the complaint is not wholly insufficient to allege a cause of action against them to set aside their deed, leaving the question of whether plaintiffs can establish the allegations with competent proof to be determined on the trial.

APPEAL by plaintiffs from *Barnhill, J.,* at October Term, 1936, of EDGECOMBE. Reversed.

Action by mortgagors to recover land alleged to have been wrongfully sold under foreclosure.

Demurrer by defendants Blount was sustained by *Harris, J.,* with leave to amend. Amendment filed, and demurrer to amended complaint sustained by *Barnhill, J.*

Plaintiffs appealed.

*Bennett & McDonald for plaintiffs.*
*No brief filed for defendants.*

DEVIN, J. The defendants Blount demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action against them. The other defendants answered.

The effect of a demurrer is to admit the truth of all the material facts alleged, and every intendment is adopted in behalf of the pleader. The statute (C. S., 535) requires that the complaint be liberally construed with a view to substantial justice between the parties. *Ramsey v. Furniture Co.,* 209 N. C., 165. ·

To determine the correctness of the ruling of the court below, it is necessary to examine the complaint and amendment in the light of this rule.

The pertinent allegations are as follows:

"That on 14 July, 1924, the plaintiffs executed a mortgage to the defendant, the Greensboro Joint Stock Land Bank, securing a note of even date in the sum of $5,500, payable semiannually, the same to be due and payable on the first day of August, 1957.

"That thereafter, on 31 August, 1931, the defendant, the Greensboro Joint Stock Land Bank, attempted to foreclose said mortgage, and on

29 April, 1932, the said Greensboro Joint Stock Land Bank attempted to execute a deed by reason of said attempted foreclosure to C. E. Fleming, of Guilford County, North Carolina, upon a purported consideration of $4,000; that immediately thereafter, on 6 May, 1932, Book 268, page 450, the said C. E. Fleming attempted to transfer said property described in the mortgage above referred to to the Greensboro Joint Stock Land Bank.

"That on 8 January, 1934, the said defendant, the Greensboro Joint Stock Land Bank, attempted to transfer said property as described in the mortgage heretofore referred to to the defendants J. H. Blount, J. K. Blount, and F. L. Blount, of Pitt County, North Carolina.

"That the defendant C. E. Fleming, as the plaintiff is informed, believes, and so alleges, was and is connected with the defendant, the Greensboro Joint Stock Land Bank, and was at the time an official of said bank, to wit, secretary and treasurer, and acting in said capacity at the time he purchased said land at the foreclosure sale, and was acting as the agent of said bank. And the defendant, the Greensboro Joint Stock Land Bank, and the said C. E. Fleming conspired together to wrongfully obtain the lands and property of the plaintiffs, and that by reason of same said sale was fraudulent and voidable.

"That the sale by the Greensboro Joint Stock Land Bank to the defendants J. H. Blount, J. K. Blount, and F. L. Blount, for a consideration of $10.00 and other valuable consideration, is void, and that the said grantees knew or could have known by due diligence the defects in the mortgage and sale of said property and the circumstances under which the plaintiffs sold the property. That the said C. E. Fleming was an agent of the mortgagees in said mortgage, rendering said sale, as plaintiffs are informed, believe, and so allege, illegal, fraudulent, and voidable.

"That plaintiffs further allege that in the sale and transfer of the property herein referred to that the defect in the title was a matter of record, in that the records disclosed that the mortgage under which the land was sold did not specify the place of the sale, and that the purchaser at the sale, C. E. Fleming, was an officer of the defendant Greensboro Joint Stock Land Bank, and purchased said property at the mortgage sale and immediately thereafter transferred it to the mortgagee, the Greensboro Joint Stock Land Bank, which made the sale of property voidable at the option of the mortgagor, and that the defendants Blount purchased said property at a private sale direct from the mortgagee in the mortgage under which the property was sold. That said matters were of record in the office of the clerk of the Superior Court and the register of deeds of Edgecombe County, and the defendants Blount knew of the defects in said deed, or could have known by due diligence in

investigating the records, and took said property subject to the equity of the plaintiffs."

It will be noted that the material allegations of the complaint are that at the foreclosure sale the land was bought by the secretary and treasurer of the corporate mortgagee, and that this official was "acting in said capacity at the time he purchased said land at the foreclosure sale, and was acting as the agent of said bank," and that this official shortly thereafter conveyed the land to the mortgagee, which thus indirectly purchased at its own sale.

In the amendment to the complaint it is further alleged that the demurring defendants took their deed for the land direct from the mortgagee with knowledge of these facts, which were all matters of public record, and that their deed recited a consideration of ten dollars and other valuable considerations.

We conclude that the complaint is not so wholly insufficient that it can be overthrown by a demurrer.   *Gibson v. Barbour,* 100 N. C., 192; *Hayes v. Pace,* 162 N. C., 288; *Owens v. Mfg. Co.,* 168 N. C., 397; *Morris v. Carroll,* 171 N. C., 761; *Roberson v. Matthews,* 200 N. C., 241; *Lockridge v. Smith,* 206 N. C., 174; *Shuford v. Bank,* 207 N. C., 428.

Whether the plaintiffs can sustain their allegations with competent proof is another matter.

The demurrer should be overruled, with leave to the defendants to answer.

Reversed.