TOWN OF WILKESBORO, A MUNICIPAL CORPORATION, THROUGH ITS MAYOR, W. E. HARRIS; R. R. REINS, JOE R. BARBER, C. E. LENDERMAN, AND L. B. DULA, COMMISSIONERS; W. E. HARRIS, MAYOR OF THE TOWN OF WILKESBORO; P. L. LENDERMAN, TAX COLLECTOR AND CHIEF OF POLICE OF THE TOWN OF WILKESBORO; MRS. O. F. BLEVINS, WIDOW OF O. F. BLEVINS, TOWN CLERK AND TREASURER OF THE TOWN OF WILKESBORO, AND RUSSELL HENDREN, SUPERINTENDENT OF WATER FOR THE TOWN OF WILKESBORO, v. J. F. JORDAN, WILLIAM A. STROUD, J. R. HENDERSON, W. E. SMITHEY, C. A. LOWE, C. T. DOUGHTON, J. M. BUMGARNER, AND J. T. PREVETTE.

(Filed 13 October, 1937.)

**Pleadings §§ 2, 16—Separate and distinct causes of action by different plaintiffs against different defendants may not be joined.**

This action was instituted by a municipality and the officers thereof against defendants who had held the offices as the result of an illegal election.   Plaintiffs sought to recover in their individual capacity for their salaries prior to their obtaining possession of their respective offices, and against the sureties on a bond filed by some of defendants in an action attacking the validity of the election, which bond was conditioned upon payment to plaintiffs of salaries received by defendants if plaintiffs should be successful in the action, and against defendants for fraudulent disbursement of town funds.   *Held:* Defendants' demurrer for misjoinder of

parties and causes should have been allowed, since the town had no interest in the recovery by the officers in their individual capacity of the amounts alleged to be due them for salary, and since the individual plaintiffs had no right to maintain an action to recover for alleged fraudulent disbursement of town funds, nor were the sureties on the bond alleged to be liable either on that cause of action, or the action against the defendants not named in the bond.  C. S., 507.

APPEAL by defendants from *Clement, J.,* at August Term, 1937, of WILKES.  Judgment reversed and action dismissed.

The defendants demurred to the complaint on the ground of misjoinder of parties and causes of action.

These are the material allegations of the complaint: That the town of Wilkesboro is a municipal corporation, and plaintiffs Harris, Lenderman, Barber, Reins, and Dula were mayor and commissioners of said town, P. L. Lenderman, tax collector and chief of police, and Mrs. O. F. Blevins is the widow of O. F. Blevins, deceased, and claims as part of her year's allowance the balance of salary due O. F. Blevins as secretary and treasurer of the town.

That the defendants Jordan, Doughton, Henderson, and Lowe, by the use of illegal ballots at the election on 7 May, 1935, caused themselves to be wrongfully declared elected mayor and commissioners of said town, and unlawfully held said offices during the period from 16 August, 1935, to 11 December, 1935, when the individual plaintiffs came lawfully to the the exercise of said offices, in accordance with the decisions of the Supreme Court of North Carolina in the actions entitled *Wilkesboro v. Harris* (reported in 208 N. C., 749) and *Harris v. Miller* (reported in 208 N. C., 746).

That in the action entitled *Wilkesboro v. Harris, supra,* the defendants Jordan, Henderson, Doughton, and Lowe executed a bond to these individual plaintiffs (other than Russell Hendren) in the penal sum of $1,500, with defendants Bumgarner and Prevette as sureties, said bond conditioned that in case the named individual plaintiffs were successful in the action the defendants should pay said plaintiffs the salaries, fees, emoluments, and moneys received by the defendants during their occupancy of said offices.

That during the litigation over these offices, plaintiffs were required to and did turn over to defendants all the money, books, and property of said town, including cash, tax books, and tax sales certificates, and that defendants wrongfully and unlawfully collected from taxes, tax sales certificates, and water rents more than $6,000, and that from said funds of the town defendants made unlawful and fraudulent expenditures, and unlawfully and corruptly used a part of said funds to purchase bonds of said town, not in the order of issue (as provided by the agreement of the

town with the bondholders), from a bank in which two of the defendants were officers, which said bonds the bank had purchased at fifty cents on the dollar.

That the defendants withheld the salaries of plaintiff Harris in the sum of $50.00, that of P. L. Lenderman in the sum of $251.35, and that of O. F. Blevins in the sum of $77.00.

That the defendants, other than Bumgarner and Prevette, wrongfully withheld from plaintiff Russell Hendren, superintendent of water, salary amounting to $39.00.

"That plaintiffs are entitled to recover of defendants Bumgarner and Prevette the sums set out to the extent of $1,500, the amount named in their bond, which is hereto attached and made a part hereof."

"That the plaintiffs are entitled to recover of defendants, other than Bumgarner and Prevette, the total sums above set out, amounting to $6,296.32."

From judgment overruling the demurrer, defendants appealed.

*Eugene Trivette and Chas. H. Gilreath for plaintiffs, appellees.*
*A. H. Casey, W. H. McElwee, and J. M. Brown for defendants, appellants.*

DEVIN, J. An examination of the allegations of the complaint leads us to the conclusion that the demurrer on the ground of misjoinder of parties, and causes of action should have been sustained. The complaint joins (1) an action on contract by the plaintiffs Harris, Lenderman, and Blevins for the recovery from defendants Jordan, Henderson, Doughton, and Love, as principals, and Bumgarner and Prevette sureties, the different items of salary due the named plaintiffs, according to the condition of the bond attached to the complaint; (2) with an action by plaintiff Russell Hendren, superintendent of water, to recover of defendants, other than Bumgarner and Prevette, $39.00, being part of his salary wrongfully withheld by defendant (not included in the bond); and (3) an action, sounding in tort, by the town against the defendants other than defendants Bumgarner and Prevette, for six thousand dollars of town funds alleged to have been wrongfully collected and unlawfully and fraudulently expended by the defendants.

It is obvious that the individual plaintiffs, as such, under the allegations of the complaint, could not maintain an action to recover town funds wrongfully collected and fraudulently misapplied. Ordinarily, the town alone could be heard to make that claim. Equally, the town of Wilkesboro has no interest in the cause of action by the individual plaintiffs to recover of the defendants on the bond the different amounts alleged to be due them; and the defendants Bumgarner and Prevette,

the sureties on the bond, are not alleged to be in any way liable on the cause of action by the town against the other defendants for alleged fraudulent collection and disbursement of the funds of the town; nor are they alleged to be liable to plaintiff Hendren on his claim. Illustrating the mix-up in parties and causes of action, it appears that the town of Wilkesboro, party plaintiff in this action, was one of the signers of the bond upon which the action of its coplaintiffs is based, thus being placed in the unusual position of being joined as a party plaintiff in a suit for the breach of a bond which it executed.

The several causes of action united in the complaint do not affect all the parties to the action, as required by C. S., 507. *Sasser v. Bullard,* 199 N. C., 562. It is well settled in this jurisdiction that separate and distinct causes of action set up by different plaintiffs and against different defendants may not be incorporated in the same pleading. *Williams v. Gooch,* 206 N. C., 330; *Weaver v. Kirby,* 186 N. C., 387; *Rose v. Warehouse Co.,* 182 N. C., 107; *Roberts v. Mfg. Co.,* 181 N. C., 204.

In *Rose v. Warehouse Co., supra,* it was said: "The several causes of action which may be united or joined in the same complaint are classified and enumerated in C. S., 507; and, in addition, the following limitation is expressly incorporated therein: 'But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated.'"

It was said in *Land Co. v. Beatty,* 69 N. C., 329, that the plaintiff could not in the same complaint join a cause of action on contract against one defendant with a cause of action on the fraud of both. To the same effect is the holding in *R. R. v. Hardware Co.,* 135 N. C., 73, where the general principle is stated that all the parties must be affected by each cause of action to warrant their joinder.

The situation here set forth in the complaint differs from that upon which was predicated the rule that, where the facts alleged show a connected series of transactions, all tending to one end, in order to a conclusion of the whole matter in one suit, the complaint would be upheld, as was decided in *Trust Co. v. Peirce,* 195 N. C., 717; *Shaffer v. Bank,* 201 N. C., 415; *Young v. Young,* 81 N. C., 92; *Barkley v. Really Co.,* 211 N. C., 540; *Leach v. Page,* 211 N. C., 622.

We are of opinion, and so decide, that the judgment overruling the demurrer must be reversed, and the action dismissed. *Bank v. Angelo,* 193 N. C., 576; *Shuford v. Yarborough,* 197 N. C., 150.

This disposition of the case renders it unnecessary to decide whether the complaint sufficiently states a cause of action against the defendants for alleged fraudulent disbursement of town funds.

Judgment reversed and action dismissed.