MYRTLE I. SMITH v. GREENSBORO JOINT STOCK LAND BANK, S. B. FOSTER, HOME INSURANCE & REALTY COMPANY, H. A. JOHNSON AND WIFE, J. HUBERT DICKINSON AND WIFE, WILLIE ALBRITTON DICKINSON, WALTON W. SMITH AND WIFE, MRS. WALTON W. SMITH.

(Filed 13 April, 1938.)

**1. Mortgages § 35a—**

When the mortgagee purchases at the foreclosure sale, either directly or by agent, the sale is not void but voidable, and ordinarily may be avoided only by the mortgagor or his heirs and assigns.

**2. Mortgages § 39d—Mortgagor must elect between suit to set aside sale and action for damages for wrongful foreclosure.**

When a mortgagee purchases the property at the foreclosure sale, either directly or by agent, the mortgagor, if he does not elect to ratify the sale and accept the proceeds, may treat the sale as a nullity and have it set aside, or sue the mortgagee for wrongful foreclosure and hold it liable for the true worth of the property, but the mortgagor must make his election between the two remedies, since they are inconsistent, one being a disaffirmance of the sale, and the other being for the recovery of damages while permitting the sale to stand.

**3. Pleadings §§ 2, 16—Action to set aside foreclosure sale is improperly joined with action for damages for wrongful foreclosure.**

An action against the mortgagee and his transferees to set aside a foreclosure sale on the ground that the sale was voidable for that the mortgagee bid in the property, is improperly joined with an action against the mortgagee, in the event the transferees should be found to be innocent purchasers for value, for damages for wrongful foreclosure, since all the parties are necessary only in the first cause of action and in the second action only the mortgagee is affected. C. S., 507.

**4. Pleadings § 16—**

When there is a misjoinder of both parties and causes of action, the action is properly dismissed upon demurrer interposed upon this ground.

APPEAL by defendants from *Spears, J.,* at September-October Term, 1937, of JOHNSTON.

Civil action to set aside deeds under foreclosure sale made to mortgagee through its agent, and subsequent deeds allegedly taken by grantees with notice, to recover the lands and for an accounting for rents and benefits; and, in the event it should be decided by the court that the

subsequent grantees are innocent purchasers for value, to recover of the mortgagee and its agent, the bidder at the sale, the value of the land less the mortgage indebtedness.

For a first cause of action the complaint alleges that: In 1926, to secure the payment of a loan obtained from the Greensboro Joint Stock Land Bank, plaintiff executed and delivered to the said bank a mortgage deed, which is duly registered, conveying 394.01 acres of land situated in Johnston County. This mortgage deed was foreclosed by the exercise of the power of sale therein contained, and the lands were sold at the courthouse door in said county on 19 February, 1934. The defendant S. B. Foster was declared to be the highest bidder at $12,000. On 2 March, 1934, pursuant to such sale, said Land Bank conveyed the lands to said Foster by deed, which was duly registered on 12 March, 1934. On the date last named Foster, for recited consideration of $10.00, conveyed the lands to said Land Bank by deed, which was duly registered on 14 March, 1934. On 18 December, 1934, said Land Bank, for recited consideration of $10.00 and other valuable considerations, alleged to be approximately $12,000, conveyed the lands to the defendant Home Insurance & Realty Co. by deed, which is duly registered. In January, 1935, said Home Insurance & Realty Co. conveyed all of the lands in three separate portions to defendants: (1) H. A. Johnson and wife for consideration of $6,000; (2) J. Hubert Dickinson and wife, Willie Albritton Dickinson, for $6,000, and (3) Walton W. Smith and wife for $5,000, by respective deeds which are duly registered.

The plaintiff in said first cause further alleges that the foreclosure sale is void in that the mortgage deed contained no power of sale sufficient to warrant the foreclosure for that it failed to designate the place of sale; and, further, that the purchaser, S. B. Foster, at the time of the sale, occupied a fiduciary relationship with the defendant Land Bank and was acting as its agent in purchasing the property; that in effect the Land Bank purchased the property at its own sale, indirectly through its agent; that the defendant Home Insurance & Realty Co. and its said grantees respectively took title to the said lands with notice of the alleged defects in the mortgage and in the foreclosure sale, of the circumstances under which the Land Bank "pretended to sell and convey the property to S. B. Foster, its agent, and the record title which rendered said sale illegal and void"; that all said grantees took title subject to plaintiff's equity of redemption; "that the said lands are now worth more than the sum of $27,500," and that the annual rental value is $1,500.

In the second cause of action the plaintiff alleges that in the event it should be decided by the court that the defendant Home Insurance &

Realty Co. and its grantees are innocent purchasers for value, then the plaintiff has been damaged and is entitled to recover of the defendants Greensboro Joint Stock Land Bank and S. B. Foster the sum of $12,500.

Defendants, Greensboro Joint Stock Land Bank and S. B. Foster, demur to the complaint for that there is misjoinder of causes of action. The defendants, H. A. Johnson and wife, J. Hubert Dickinson and wife, and Walton W. Smith and wife, demur to the complaint for that there is misjoinder both of causes of action and of parties.

The court below entered judgment overruling demurrer, from which defendants appealed to the Supreme Court and assigned error.

*W. J. Hooks for plaintiff, appellee.*

*Arch T. Allen and McLean & Stacy for defendants, Greensboro Joint Stock Land Bank and S. B. Foster.*

*Wellons & Poole for defendants H. A. Johnson, Mrs. H. A. Johnson, J. Hubert Dickinson, Willie Albritton Dickinson, Walton W. Smith, and Mrs. Walton W. Smith.*

WINBORNE, J. The demurrers presented on this record raise this question: Can a mortgagor unite in a complaint both a cause of action against the mortgagee and its subsequent grantees to set aside foreclosure sale under the mortgage at which the mortgagee becomes the purchaser, and deeds subsequently executed to purchasers with notice, and a cause of action against the mortgagee for damages resulting from such foreclosure sale? The decisions of this Court say "No."

The uniform decisions of this Court hold that "Where a mortgagee of lands purchases at his own sale, directly or by an agent, though he may convey to the agent and have the latter reconvey to him, the effect is to vest the legal estate in the mortgagee in the same plight and condition as he held it under the mortgage, subject to the right of the mortgagor to redeem," *Averitt v. Elliott,* 109 N. C., 560, 138 S. E., 785, unless in some way he releases or loses that equity. . . . The sale by the mortgagee is not void, but only voidable, and, ordinarily, can be avoided only by the mortgagor or his heirs and assigns. *Joyner v. Farmer,* 78 N. C., 196; *Whitehead v. Whitehurst,* 108 N. C., 459, 13 S. E., 166; *Averitt v. Elliott, supra; Shuford v. Bank,* 207 N. C., 428, 177 S. E., 408; *Davis v. Doggett,* 212 N. C., 589, 194 S. E., 288.

If the facts be true as alleged, it is open to plaintiff, mortgagor, (1) "to ratify the sale and accept the proceeds or settle on that basis," or (2) to pursue one of two remedies: (a) She "may treat the sale as a nullity and have it set aside." This she seeks to do in the first cause of action; or (b), acting in repudiation of the sale, she may sue the mortgagee for the wrong done in making such a sale, and hold it liable for the true worth of the property. This she seeks to do in her second cause

of action. *Froneberger v. Lewis,* 70 N. C., 456, and 79 N. C., 426; *Brothers v. Brothers,* 42 N. C., 150; *Patton v. Thompson,* 55 N. C., 285; *Bruner v. Threadgill,* 88 N. C., 361; *Burnett v. Supply Co.,* 180 N. C., 117, 104 S. E., 137.

In the first remedy plaintiff disaffirms the sale, and in the second, while acting in repudiation of it as unlawful, she permits it to stand. The two causes are, therefore, inconsistent. Plaintiff cannot at the same time enjoy both.

In *Machine Co. v. Owings,* 140 N. C., 503, 53 S. E., 345, quoting from 7 Enc. Pl. & Prac., 362, it is said in part: "No suitor is allowed to invoke the aid of the courts upon contradictory principles of redress upon one and the same line of facts."

In *Lanier v. Lbr. Co.,* 177 N. C., 200, 98 S. E., 593, Jefferson Lanier, after conveying the land in question to plaintiff, then a minor, and before the registration of deed to plaintiff sold and conveyed the timber to Blades Lumber Co., which thereafter sold and conveyed same to Roper Lumber Co. Speaking for the Court, *Allen, J.,* said: "The two causes of action alleged in the complaint, one against the Roper Lumber Co. to set aside the deeds under which it claims and to recover damages for cutting the timber on the land, and the other against the administrator and heirs of Jefferson Lanier to recover the purchase money of the land, are inconsistent and cannot be prosecuted at the same time, as one repudiates the deed executed to the Blades Lumber Co. and the other affirms it."

In the case of *Lykes v. Grove,* 201 N. C., 254, 159 S. E., 360, speaking for the Court, *Stacy, C. J.,* said: "Can a plaintiff unite in the same complaint an action for the rescission of a contract and one for its breach? The decisions are to the effect that he may not, as this would be to deny and affirm the contract at the same time—'to blow hot and cold in the same breath.' The rights are opposed and the remedies are inconsistent," citing numerous cases.

The causes of action that may be joined are classified in C. S., 507, which provides: "But the causes of action so united must all belong to one of these classes, and, except in actions for foreclosure of mortgage, must affect all the parties to the action." *Roberts v. Mfg. Co.,* 181 N. C., 204, 106 S. E., 664; *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Sasser v. Bullard,* 199 N. C., 562, 155 S. E., 248; *Wilkesboro v. Jordan,* 212 N. C., 197, 193 S. E., 155.

In the case at hand the first cause of action affects all of the defendants. The second affects only the defendant Land Bank. Hence there is misjoinder of parties.

It is well settled that when there is a misjoinder, both of parties and of causes of action, and a demurrer is interposed on this ground, the

demurrer should be sustained and the action dismissed. *Cromartie v. Parker,* 121 N. C., 198, 28 S. E., 297; *Morton v. Tel. Co.,* 130 N. C., 299, 41 S. E., 484; *Thigpen v. Cotton Mills,* 151 N. C., 97, 65 S. E., 750; *Campbell v. Power Co.,* 166 N. C., 488, 82 S. E., 842; *Roberts v. Mfg. Co., supra; Shore v. Holt,* 185 N. C., 312, 117 S. E., 165; *Harrison v. Transit Co.,* 192 N. C., 545, 135 S. E., 460; *Bank v. Angelo, supra; Sasser v. Bullard, supra; Wilkesboro v. Jordan, supra.*

Counsel for plaintiffs rely upon *Council v. Land Bank,* 211 N. C., 262, 189 S. E., 777. Reference to that case, however, discloses that the Land Bank answered, and only defendants Blount, who claimed to be innocent purchasers, demurred on the ground that the complaint did not state facts sufficient to constitute cause of action against them. The question of misjoinder of parties and of causes of action was not presented.

We hold that there is misjoinder both of causes of action and of parties, and the demurrer should be sustained and the action dismissed. Therefore the judgment below is

Reversed.