W. P. HOLLAND AND WIFE, ANNIE HOLLAND, AND MARTHA HOLLAND,
v. WALTER L. WHITTINGTON AND WIFE, GLADYS M. WHITTING-
TON, AND J. L. HOLLAND.

(Filed 22 March, 1939.)

1. **Arbitration and Award § 1b: Fraud § 1—Plaintiffs having equal
   knowledge with defendants of facts forming basis of agreement may
   not maintain that execution of agreement was obtained by fraud.**

   Where an agreement to arbitrate the disputed line between the lands
   of the parties provides that the line should be run in accordance with old
   deeds, papers, plats, and titles, in accordance with corners as contended
   by plaintiffs, plaintiffs may not maintain that they were induced to exe-
   cute the agreement to arbitrate by fraudulent misrepresentation, and
   demurrer to plaintiffs' cause of action to set aside the agreement to arbi-
   trate on the ground of fraud is properly sustained.

2. **Pleadings § 16—Where the several causes do not affect all the parties
   and do not constitute a connected series of transactions, demurrer is
   proper.**

   As plaintiffs' first cause of action it was alleged that one of plaintiffs
   had title to the first tract of land and that each of defendants was in
   wrongful possession of a portion of said tract; that both plaintiffs owned
   a second tract and that one of the defendants was in wrongful possession
   of a portion of the second tract: As a second cause of action it was
   alleged that two of defendants had induced one of the plaintiffs and his
   wife to sign an agreement to arbitrate the disputed boundary between
   their lands and that the award rendered thereunder was void for that
   the arbitrators violated the terms of the agreement and for fraud. *Held:*
   The ruling of the court in dismissing the second cause of action upon
   defendants' demurrer for misjoinder of parties and causes is without
   error, it appearing that the several causes of action alleged do not affect
   all the parties of the action as required by C. S., 507, and that the second
   cause of action does not affect all the parties plaintiff or defendant, and
   that the facts alleged in the several causes do not constitute a connected
   series of transactions tending to one end.

APPEAL by plaintiffs from *Williams, J.,* at September Term, 1938, of
JOHNSTON. Affirmed.

Two causes of action are alleged in the amended complaint, the first
to recover the possession of land wrongfully withheld by defendants,
and second to set aside an arbitration agreement and award on the
ground of fraud. The defendants Whittington and the defendant J. L.
Holland, separately, demurred to the second cause of action. The de-
murrers were sustained and plaintiffs appealed.

*R. L. Godwin for plaintiffs.*
*Dupree & Strickland for defendants.*

DEVIN, J.  The demurrers to the second cause of action alleged in the complaint were sustained by the court below upon two grounds: (1) That facts sufficient to constitute a cause of action on account of fraud were not alleged, and (2) that there was a misjoinder of parties and causes of action.  The plaintiffs assign error in the ruling of the court, and bring the question here for review.  This requires an examination of the allegations of the amended complaint challenged by the demurrers.

The plaintiffs are ` W. P. Holland and wife, Annie Holland, and Martha Holland.  In the first cause of action they allege title in the plaintiff W. P. Holland in and to a tract of land therein described, containing 35 acres, and allege that the defendants Whittington and J. L. Holland are in wrongful possession of separate portions of the · eastern edge thereof, and plaintiffs allege title in W. P. Holland and Martha Holland in and to a second tract of land containing 18 acres, and that J. L. Holland is in the wrongful possession of a portion of the eastern edge of the second tract.

In the second cause of action the plaintiffs allege in substance that the defendants Whittington fraudulently induced plaintiffs W. P. Holland and wife to sign an agreement to submit to arbitration the question of the location of the eastern boundary of plaintiffs' land, which was the line between the lands of plaintiff W. P. Holland and those of defendants Whittington; that said plaintiffs agreed to sign provided a good surveyor be employed, "and that the disputed line be run according to all the old deeds, papers, plats and titles, and that they run by the old white oak corner as described in this complaint"; that it was agreed by the defendants Whittington "that the survey should be made as contended by" the said plaintiffs; that the plaintiffs were induced to sign the arbitration agreement by the false and fraudulent representations of the defendants Whittington, made with intent to defraud, and relied on by plaintiffs.

It was also alleged in substance, as we gather from the pleading, that the attempted submission of the controversy to arbitration and the purported award thereunder were void, that the arbitrators violated the terms of the agreement between the parties, and, in disregard of its provisions and conditions, attempted to establish a new and different line, in the absence of plaintiffs and their evidence, with intent to defraud plaintiffs, and "that these acts of flagrant and gross violation of said void and fraudulent paper make the whole transaction for the establishment of said line null and void."

While the paper writings purporting to be an arbitration agreement and an award, which are attacked by the plaintiffs in the second cause, are not attached to or set out in the complaint, and therefore are not before the court for the consideration of the demurrers, it is apparent

that the court below has correctly held that the allegations of fraudulent misrepresentation upon the part of defendants Whittington as an inducement to the plaintiffs W. P. Holland and wife to sign an arbitration agreement, are insufficient, under the rule laid down in *Colt v. Kimball,* 190 N. C., 168, 130 S. E., 505, and *Griggs v. Griggs,* 213 N. C., 624, 197 S. E., 165.

Whether the remaining allegations of the complaint sufficiently allege that the purported award was void and of no effect for the reasons therein set forth need not now be determined, as an examination of the amended complaint leads us to the conclusion that the demurrers on the ground of misjoinder of parties and causes of action were properly sustained.

It will be noted that plaintiffs allege title in W. P. Holland to the first tract of 35 acres and wrongful possession of a portion thereof by defendants Whittington, and also of a small portion by defendant J. L. Holland. As to the second tract of 18 acres, it is alleged that title is in W. P. Holland and in Martha Holland, and that a portion of this tract is wrongfully withheld by defendant J. L. Holland alone.

The second cause of action is for the purpose of setting aside an arbitration and award. There a cause of action is attempted to be set up in favor of plaintiffs W. P. Holland and wife against the defendants Whittington to declare the arbitration agreement and award void on the ground of fraud perpetrated upon them by defendants Whittington or for misconduct of the arbitrators. Defendant J. L. Holland is not charged with fraud, has no connection with the arbitration, and his name is not mentioned in the second cause of action. He is unaffected by it. The plaintiff Martha Holland has no interest in the suit as to the first tract of land and is only concerned with the second tract. She is not alleged to be in any way concerned with or affected by the second cause of action. Defendant J. L. Holland is alone charged with unlawful possession of a portion of the second tract. Defendants Whittington have no connection with and are not charged with wrongful possession of this tract, but of the first tract only.

It is apparent that different causes of action are attempted to be set up against different defendants. The several causes of action set out in the complaint do not affect all the parties to the action as required by C. S., 507, nor does the second cause of action as therein alleged affect all the parties plaintiff or defendant.

"It is well settled in this jurisdiction that separate and distinct causes of action set up by different plaintiffs and against different defendants may not be incorporated in the same pleading." *Wilkesboro v. Jordan,* 212 N. C., 197, 193 S. E., 155; *Williams v. Gooch,* 206 N. C., 330, 173

S. E., 342; *Sasser v. Bullard,* 199 N. C., 562, 155 S. E., 248; *Rose v. Warehouse Co.,* 182 N. C., 107, 108 S. E., 389; *Roberts v. Mfg. Co.,* 181 N. C., 204, 106 S. E., 664.

The facts alleged in the complaint do not constitute a connected series of transactions, all tending to one end, so as to invoke the rule laid down in *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524; *Barkley v. Realty Co.,* 211 N. C., 540, 191 S. E., 3; and *Leach v. Page,* 211 N. C., 622, 191 S. E., 349.

The ruling of the court below in dismissing the second cause of action set out in the complaint must be affirmed. *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705.

Affirmed.