STOKES BURLESON, FLORENCE LEDFORD, LAURA GREEN, FONZE GREEN, FLETA PITMAN, ODA BURLESON, FRANK BURLESON, FRED BURLESON, LUCY LEDFORD, NATHANIEL BURLESON, AND ............... BURLESON v. CONNIE BURLESON, W. G. VANCE, JEFFERSON WARD, AND THE NORTHWESTERN BANK.

(Filed 27 March, 1940.)

1. **Pleadings § 16—Demurrer for misjoinder of parties and causes should have been sustained, all of defendants not being necessary parties to each of the several causes alleged.**

Plaintiffs as heirs at law instituted this action to recover certain lands of their ancestor, alleging that their ancestor had executed two separate mortgages on separate tracts to different mortgagees, that both mortgages had been foreclosed after the right of foreclosure had been barred by the statute of limitations, that the purchaser at the foreclosure of one of the mortgages, the first defendant, had also taken possession of other of the ancestor's lands without any paper title, that the purchaser at the foreclosure of the other mortgage had conveyed same by quitclaim deed to another, the second defendant, who conveyed part of the lands to the third defendant who was also the mortgagee in the first named mortgage, and that the second defendant executed deed of trust on the part of the lands purchased by him and not conveyed to the third defendant, to the original mortgagor, which deed of trust was foreclosed and the land purchased

by the original mortgagor, the fourth defendant being the successor to the original mortgagor. *Held:* All of the defendants were not necessary parties to each of the several causes alleged, only the first defendant being a necessary party in the action to recover the land taken without any paper title, and only the first and third defendants being necessary parties in the controversy respecting the land foreclosed under one of the mortgages, only the second and third defendants being necessary parties in the controversy relating to part of the lands foreclosed under the other mortgage, and only the second and fourth defendants being necessary parties to the controversy relating to the balance of the lands foreclosed thereunder, and the demurrer of the third and fourth defendants on the ground of misjoinder of parties and causes should have been sustained.

2. **Same—**

Where there is a misjoinder of parties and causes of action a severance is not permissible and the action must be dismissed upon demurrer without prejudice to plaintiffs' rights to prosecute their several claims in separate actions against the various defendants, grouped according to their interest in the property.

APPEAL by defendants, W. G. Vance and The Northwestern Bank, from *Armstrong, J.,* at September Term, 1939, of MITCHELL. Reversed.

Civil action to remove cloud from title to .real property; to have certain instruments purporting to be deeds declared null and void; and to recover possession of certain lands from the defendants.

The defendants W. G. Vance and The Northwestern Bank, in apt time, filed their written demurrer to the complaint on the grounds that there is a misjoinder of causes of action and a misjoinder of parties defendant.

Upon the hearing upon the demurrer the court overruled the same and entered judgment accordingly. The said defendants excepted and appealed.

*Huskins & Wilson for plaintiffs, appellees.*

*W. C. Berry, Geo. L. Greene, and McBee & McBee for defendants, appellants.*

BARNHILL, J. The plaintiffs are the heirs at law of Sherman Burleson, deceased, and as such are the owners as tenants in common of all lands of which he died seized and possessed. In the complaint the plaintiffs describe five separate tracts of land, four of which are located in Cane Creek Township and one in Grassy Creek Township, Mitchell County, and allege that they, as the heirs at law of Sherman Burleson, are the owners thereof.

The lands involved in the controversy between the defendant bank and plaintiff are located in Cane Creek Township. The lands involved in controversy between the plaintiffs and Jefferson Ward are likewise in

said township and the lands in controversy between the plaintiffs and W. G. Vance are in Grassy Creek Township.

It is alleged in the complaint that the first, second, third and fifth tracts therein described were conveyed by Sherman Burleson by mortgage to the Merchants & Farmers Bank. The date of the mortgage is not disclosed. It is further alleged that on 8 March, 1934, there was a foreclosure sale under the terms of the mortgage and foreclosure deed was executed to John C. McBee, Jr., 7 September, 1934; that the exercise of the power of sale occurred more than ten years after the maturity of the indebtedness and at a time when the power of sale was barred by the statute of limitations; that McBee purchased as agent of and for the mortgagee; that no consideration was paid; that he, at the request of the mortgagee, his principal, executed a quitclaim deed to the defendant Connie Burleson. It is further alleged that one George L. Green, acting for Merchants & Farmers Bank, procured Connie Burleson to execute a deed in trust on that property (presumably omitting the fifth tract) in behalf of Merchants & Farmers Bank; that thereafter Green, trustee, executed the power of sale and delivered a foreclosure deed to the Merchants & Farmers Bank; that all of said transactions constituted a maneuver on the part of Farmers & Merchants Bank, mortgagee, to purchase at its own sale and the said bank acquired no title thereto and its successor, the defendant Northwestern Bank, which by consolidation has succeeded to all the rights, duties and liabilities of the Merchants & Farmers Bank, is not the owner thereof.

As to the fifth tract, plaintiffs allege that Connie Burleson, subsequent to receiving the foreclosure deed from McBee, trustee, undertook to convey said tract to W. G. Vance, who has entered into possession thereof.

The complaint then alleges that Jefferson Ward is in possession of that portion of plaintiffs' land described as fourth tract; that he claims title through a foreclosure deed executed by W. G. Vance, mortgagee, under a mortgage from Sherman Burleson dated 12 March, 1926; that foreclosure sale was had at a time when the power of sale was barred by the lapse of time; and that the defendant Jefferson Ward acquired no title thereunder. It is likewise alleged that the defendant Jefferson Ward has taken possession of 40 acres of land outside the description contained in said mortgage.

Thus it appears that Jefferson Ward and W. G. Vance are in no wise interested in the controversy between the plaintiffs and the defendants Connie Burleson and Northwestern Bank as to the first, second and third tracts. Neither Jefferson Ward nor Northwestern Bank are necessary parties in the controversy respecting the fifth tract. The Northwestern Bank is not involved in any respect as to the title to the fourth or fifth tracts. As it is alleged that Jefferson Ward has taken possession of

forty acres without any apparent paper title thereto he alone is the necessary party in respect thereto.

From the foregoing facts it is made to appear there is a misjoinder both of parties and causes of action. The demurrer should have been sustained. *Shuford v. Yarborough,* 197 N. C., 150, 147 S. E., 824; *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Lucas v. Bank,* 206 N. C., 909; *Wilkesboro v. Jordan,* 212 N. C., 197, 193 S. E., 155; *Vollers Co. v. Todd,* 212 N. C., 677, 194 S. E., 84; *Smith v. Land Bank,* 213 N. C., 343, 196 S. E., 481; *Holland v. Whittington,* 215 N. C., 330, 1 S. E. (2d), 813.

Where there is a misjoinder both of parties and causes of action a severance is not permissible. *Jones v. McKinnon,* 87 N. C., 294; *Cromartie v. Parker,* 121 N. C., 198; *Mitchell v. Mitchell,* 96 N. C., 14.

The action must be dismissed as to the demurring defendants without prejudice to the rights of the plaintiffs to prosecute their several claims in separate actions against the various defendants, grouped according to their interests in the property. *Roberts v. Mfg. Co.,* 181 N. C., 204, 106 S. E., 664; *Shore v. Holt,* 185 N. C., 312, 117 S. E., 165; *Weaver v. Kirby,* 186 N. C., 387, 119 S. E., 564; *Bickley v. Green,* 187 N. C., 772, 122 S. E., 847.

Reversed.