W. H. DAVIS, BILTMORE PRESS, THE INLAND PRESS OF ASHEVILLE, INC., BILTMORE DAIRY FARMS, FIVE POINTS TIRE EXCHANGE AND W. L. COLLINS v. A. W. WHITEHURST, E. R. TWEED, LEE ROY TWEED, C. L. RUDISILL AND A. C. WHEELER.

(Filed 22 September, 1948.)

**1. Pleadings §§ 2, 19b—**

An action by several creditors on independent claims against a common debtor, which is not in the nature of a creditors' bill, is properly dismissed upon demurrer for misjoinder of parties and causes of action.

**2. Fraudulent Conveyances § 9—**

In order to state a cause of action to set aside a contract as a fraud upon creditors, the complaint must allege the facts and circumstances constituting the fraud, and a mere allegation of fraud is insufficient.

**3. Courts § 5: Injunctions § 4f—**

Ordinarily injunction will not lie to enjoin the Superior Court of another county from proceeding in an action duly constituted and pending before it.

**4. Pleadings § 18—**

Where a demurrer points out a fatal defect in the complaint a motion to strike the demurrer on the ground that it is frivolous is without merit.

**5. Judgments § 24: Execution § 22—**

Since sale under execution can convey only the right, title and interest of the judgment debtor, title or interest in the property asserted by third persons is insufficient to entitle them to move to vacate the judgment.

**6. Judgments § 4—**

A consent judgment cannot be modified or set aside without the consent of the parties except by independent action based on fraud or mistake, and persons not parties to a consent judgment may not move to vacate it.

**7. Execution § 3c—**

As soon as it is made to appear that property against which execution is authorized is in the hands of a receiver appointed in another action, the clerk properly recalls the execution, since the judgment creditors cannot proceed against the property while it is *in custodia legis.*

APPEAL by plaintiffs from *Shuford, Special Judge,* February Term, 1948, BUNCOMBE. Modified and affirmed.

Civil action to recover judgments for the amounts alleged to be due the several plaintiffs on open account and to enjoin further proceedings in an action in Madison County, pending a final judgment herein, heard on demurrer and motion to vacate consent judgment against defendant A. C. Wheeler, entered by defendants other than Wheeler.

The defendant Wheeler is not a party to the demurrer or to the motion to vacate. "Defendants," as hereinafter used, refers only to those defendants who were parties thereto, the appellees therein.

The plaintiffs allege that the defendants own the Montaqua Hotel in Hot Springs, N. C., that they entered into a contract with A. C. Wheeler to operate the same on a 50-50 basis, that thereafter plaintiffs and others, each on his own behalf, sold to Wheeler "for and on behalf of said Hotel, and for the operation of said hotel by said owners through said operator" merchandise in the several amounts stated in the complaint, and that there is now pending in Madison County a civil action between said defendants and Wheeler concerning said contract and involving a number of charges and counter-charges.

They pray judgment that each plaintiff and such other creditors as may join herein, recover of defendants and Wheeler the amount alleged to be due him, and that further proceedings by defendants in the Madison County cause be enjoined, pending final determination of this action.

Thereafter a consent judgment was entered making additional parties plaintiff, adjudging that each plaintiff recover of A. C. Wheeler the amount therein specified, and directing execution against specified personal property. Defendants were not parties to this judgment.

The defendants moved the court to vacate the consent judgment and recall execution issued thereon. In their motion they make it appear that the property described in the judgment against which execution is outstanding is the property of said hotel and is now in the hands of a receiver appointed in the Madison County case.

The clerk granted the motion and entered judgment accordingly and plaintiffs appealed. Thereupon the defendants demurred to the complaint for misjoinder of parties and causes of action, and plaintiffs then moved to dismiss the demurrer for that it is frivolous and interposed only for the purpose of hindering and delaying plaintiffs in the prosecution of their action. The clerk denied the motion and plaintiffs appealed.

The cause came on for hearing in the court below on the demurrer and the motions interposed by defendants and plaintiffs. The court, after due hearing, (1) overruled plaintiffs' motion to dismiss the demurrer, (2) sustained the demurrer, and (3) affirmed the judgment of the clerk setting aside the consent judgment against A. C. Wheeler and recalling the execution thereon. Plaintiffs excepted and appealed.

*L. E. Rudisill for plaintiff appellants.*
*J. M. Baley, Jr., and Jones & Ward for defendant appellees.*

BARNHILL, J. This action is not in the nature of a creditors' bill. 14 A. J., 679; *Hancock v. Wooten,* 107 N. C., 9. It is an action at law

in which the cause of action of each plaintiff is several. Neither has any interest in the claim of the other. Hence, there is a misjoinder of parties and causes of action. *Beam v. Wright,* 222 N. C., 174, 22 S. E. (2d), 270; *Wingler v. Miller,* 221 N. C., 137, 19 S. E. (2d), 247; *Frederick v. Insurance Co.,* 221 N. C., 409, 20 S. E. (2d), 372; *Osborne v. Canton,* 219 N. C., 139, 13 S. E. (2d), 265; *Holland v. Whittington,* 215 N. C., 330, 1 S. E. (2d), 813; *Smith v. Land Bank,* 213 N. C., 343, 196 S. E., 481; *Vollers Co. v. Todd,* 212 N. C., 677, 194 S. E., 84.

It is true plaintiffs allege that the contract between defendants and A. C. Wheeler for the operation of the hotel was "tainted with fraud or constructive fraud, and is and was a fraud attempted to be perpetrated on the creditors of said hotel." Yet no fact or circumstance tending to sustain the allegation is alleged. *Colt v. Kimball,* 190 N. C., 169, 129 S. E., 406; *Griggs v. Griggs,* 213 N. C., 624, 197 S. E., 165. Furthermore, plaintiffs were not creditors at the time the contract was executed. Hence the complaint cannot be construed as an action in tort to annul the contract as a fraud upon creditors.

Likewise, it would be somewhat novel for the Court to hold that one Superior Court Judge can enjoin another Superior Court Judge from proceeding in an action duly constituted and pending before him. Certainly no facts are alleged which would warrant such action.

The motion to strike the demurrer was without merit. The judgment sustaining the same must be affirmed.

The judgment entered fixed the rights of the several plaintiffs against A. C. Wheeler only. Defendants are not bound thereby. Sale of the property therein inventoried, under execution, would convey nothing more than the right, title and interest of Wheeler. Hence defendants have no such interest as would entitle them to move to vacate.

Furthermore, the judgment is a judgment by consent. It is a contract between the parties thereto. *Carpenter v. Carpenter,* 213 N. C., 36, 195 S. E., 5; *Webster v. Webster,* 213 N. C., 135, 195 S. E., 362. It cannot be modified or set aside without the consent of the parties except for fraud or mistake, and this must be by independent action. *Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209. It follows that so much of the judgment of the court below as undertakes to vacate the same must be held for error.

Title to the personal property inventoried in the consent judgment against which execution is authorized is at issue in the Madison County cause and is *in custodia legis.* Execution against this specific property was improvidently issued. The clerk, so soon as the facts were called to his attention, properly and promptly recalled the same. Plaintiffs, before proceeding against this property must await the final determina-

tion of the Madison County case or at least until the receiver is discharged and the property released by that court.

The cause is remanded to the end that judgment may be entered in accordance with this opinion.

Modified and affirmed.